527 P.2d 764

**STATE of Arizona, Appellee,**

v.

**Sharon REYNAGA and Evelyn Trevino, Appellants.**

**No. 2968.**

Supreme Court of Arizona, En Banc.

Oct. 24, 1974.

—◆—

N. Warner Lee, Atty. Gen., by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, Wm. Michael Smith, Yuma County Atty. by Jay R. Irwin and David J. Hossler, Deputy County Attys., Yuma, for appellee.

Laber, Lovallo & Colarich, Ltd. by Paul W. Colarich, Jr., Tucson, for appellants.

HAYS, Chief Justice.

Appellants Reynaga and Trevino were indicted for possession of marijuana for sale, a violation of A.R.S. § 36–1002.06, and transportation of marijuana, a violation of A.R.S. § 36–1002.07. Pursuant to a plea bargain, each entered a plea of guilty to the charge of possession and the other charge was dismissed. The trial court on May 2, 1974, sentenced each woman to a minimum of two years and a maximum of six years in the Arizona State Prison.

On May 13, 1974, the appellants filed a Motion for Modification of Sentence and for Resentencing on the grounds that their sentences were imposed in an unlawful manner and were excessive. On May 20, 1974, they also filed a Notice of Appeal from the sentence. The trial court shortly thereafter denied the motion on the ground that it was moot in light of the Notice of Appeal. The trial court was in error.

Rule 24.3, 1973 Arizona Rules of Criminal Procedure, 17 A.R.S., provides:

"The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed."

In the comment to the foregoing rule we find the following:

"This rule allows the court to correct an unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and pronouncement of sentence, but before the perfection of the defendant's appeal, whichever is sooner. . . ."

Rule 31.11, 1973 Arizona Rules of Criminal Procedure, reads as follows:

"Rule 31.11 Perfection of the appeal

"No new matter, other than a petition for postconviction relief not precluded under Rule 32.2, may be filed in the trial court by any party to an appeal later than 15 days after the record on appeal has been filed."

The comment to the foregoing rule reads in part:

"Perfection of an appeal is delayed to give the parties an adequate opportunity to file corrective motions in the trial court. This section delays the perfection of the appeal until the due date for the first filing which directly affects the course of the appeal and which can only be decided by the appellate court—the request to file briefs. See Rule 31.12. This gives parties who appeal about the same time to file corrective motions as they had under the former rules—about 60 days—and equalizes the time for filing motions under Rule 24.2 for those who do and those who do not appeal. Formerly, an appeal was perfected upon the filing of the notice of appeal and payment of the docketing fee. See Arizona Rules of Civil Procedure 73(d); and the 1956 Arizona Rules of Criminal Procedure, Rule 348."

Although the language of Rule 24.3 refers to the filing of defendant's appeal, it is apparent from the other rules and comments that the mere filing of a notice of appeal did not divest the trial court of jurisdiction to rule on the defendant's motion for modification of sentence.

In view of this opinion, it is ordered that the appeal be stayed under Rule 31.4 to revest jurisdiction in the trial court to rule on appellants' motion. Also, in accord with Rule 31.4, the appellants shall, within 20 days after the trial court's decision on the motion, notify the clerk of this court and all others notified of the stay of either a notice of reinstatement of the appeal or a motion to dismiss the appeal under Rule 31.15(a)(2).

It is not necessary at this time to decide the additional issues raised by the appellants.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.