542 P.2d 404

**STATE of Arizona, Appellee,**

v.

**Michael Dennis FALKNER, Appellant.**

**No. 3144.**

Supreme Court of Arizona,
In Banc.
Nov. 7, 1975.
Rehearing Denied Dec. 2, 1975.

Bruce E. Babbitt, Atty. Gen., by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Phoenix, for appellant.

HOLOHAN, Justice.

The defendant was charged by information with the crime of burglary in the first degree with a prior conviction. After plea negotiations the defendant agreed to plead guilty to the charge and the prosecutor agreed to strike the allegation of the prior conviction. The agreement was recorded in the proper form and signed by the defendant, and his counsel. The plea agreement was filed with the court and the court, after questioning the defendant, accepted his guilty plea. The defendant was sentenced to the Arizona State Prison for a period of not less than nine nor more than 12 years. On August 6, 1974, defendant filed a timely notice of appeal from the judgment and sentence of the superior court. On August 26, 1974, the defendant filed, in the superior court, a motion for modification of sentence on the ground that the trial court failed to have before it certain pertinent information at the time of the sentencing that may have tended to

influence the defendant's sentence. On August 30, 1974, a hearing was had on defendant's motion for modification. The defendant and a volunteer worker from a detoxification unit testified in defendant's behalf. The trial court thereafter vacated the defendant's sentence of not less than nine nor more than 12 years and sentenced the defendant to a term of not less than three nor more than 15 years.

On appeal, defendant contends that the trial court erred in accepting his plea of guilty alleging that there was no factual basis for the plea and further contends that that portion of the modification of his sentence that extended his maximum sentence from 12 to 15 years was illegal. This Court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Appellant contends that the trial court did not have evidence before it to establish a factual basis for the offense in that there was no showing that the offense occurred during the nighttime.

■ The defendant contends that the trial court was required pursuant to Rule 17, Rules of Criminal Procedure, 17 A.R.S. to obtain an affirmative admission on the record of each element of the charge of first degree burglary before a factual basis could be found for that offense, citing *State v. Rodriguez,* 22 Ariz.App. 478, 528 P.2d 864 (1974) in support of that position. The decision of the Court of Appeals was vacated by our decision in *State v. Rodriguez,* Ariz., 540 P.2d 665 (1975). In that case we held that there is a factual basis for a plea of guilty if it is established by the total record of the case even though the record made by the judge at the time of the acceptance of the plea of guilty is deficient in that regard. In the instant case in addition to the plea agreement in which the defendant acknowledges discussing the case with his attorney, and the attorney certified that he had discussed the case and constitutional rights with the defendant, the presentence report, a copy of

which was furnished to the defense, sets forth the essential details of the offense including the time of the occurrence. All the evidence before the trial court conclusively showed that the defendant understood the plea agreement and there was a factual basis established for the plea.

Defendant contends that he is being punished by the trial court for seeking a modification of his sentence by the fact that the maximum sentence was increased from 12 to 15 years. The initial question is whether the trial court had jurisdiction to modify the sentence.

■ The defendant filed a motion under Rule 24.3 to modify his sentence on the grounds that "the court failed to have before it certain pertinent information which may have tended to influence the court in its sentencing." Rule 24.3 provides:

"The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed."

The rule specifically limits the grounds upon which a motion may be made to "correct any unlawful sentence or one imposed in an unlawful manner." No claim was made by the defendant nor does the record indicate that either of the two allowable grounds which authorize a modification of sentence was present in this case. The motion was merely a device to obtain a reconsideration of the sentence. Prior to the passage of the 1973 Rules it was well-settled law that in criminal matters a judgment was complete and appealable when it had been orally pronounced in open court and thereafter entered on the clerk's minutes. *State v. Johnson,* 108 Ariz. 116, 493 P.2d 498 (1972); *State v. Dowthard,* 92 Ariz. 44, 373 P.2d 357 (1962), *cert. denied,* 372 U.S. 920, 83 S.Ct. 735 (1963). The proper filing of the notice of appeal and payment of the fee, if any required, deprived the trial court of jurisdiction in all matters not related to the furtherance

of the appeal. *Application of Lopez,* 97 Ariz. 328, 400 P.2d 325 (1965); *State v. Rendel,* 18 Ariz.App. 201, 501 P.2d 42 (1972); *State v. Churton,* 9 Ariz.App. 16, 448 P.2d 888 (1968). With the passage of the 1973 Criminal Rules the trial court was given authority in certain limited areas to vacate or modify judgments. In *State v. Reynaga,* 111 Ariz. 256, 527 P.2d 764 (1974) we held that the filing of the appeal did not divest the trial court of jurisdiction to rule on a motion for modification of sentence under Rule 24.3 when the motion was filed prior to the filing of the notice of appeal. In the instant case we are, however, presented with a motion for modification of sentence which is not based on any grounds provided by Rule 24.3, and the motion was filed subsequent to the filing of the notice of appeal. The crucial factor involved in this appeal is that the defendant's motion for modification is not founded upon an allegation of an unlawful sentence or one unlawfully imposed, and no evidence was presented to the trial court in the modification hearing from which it could find facts to support such a finding. The trial court exceeded its jurisdiction in modifying the sentence imposed in the absence of such facts that would satisfy the requirements of Rule 24.-3.

 Does the court have inherent power to modify a sentence? The answer is in the negative. There is no such power in the superior court. The Supreme Court's Advisory Committee on Criminal Rules suggested this grant of jurisdiction to the trial court, but it was rejected. See Arizona Proposed Rules of Criminal Procedure, July 15, 1972, Proposed Rule 27.-3(b). Therefore, the trial court's jurisdiction in post-trial motions is limited to that set out in the Rules, and an exercise of that jurisdiction is permissible only upon the grounds specified therein. The trial court in the instant case acted in excess of its jurisdiction to modify the defendant's sentence.

The modification of the defendant's sentence on August 30, 1974 must be vacated and the original sentence of the trial court reinstated. The matter is remanded to the trial court for compliance with the ruling of this Court.

Remanded with directions.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.