663 P.2d 604
**STATE of Arizona, Appellee,**

v.

**Ronald Jeffery LASK, Appellant.**

**No. 1 CA–CR 6169.**

Court of Appeals of Arizona,
Division 1, Department B.

April 26, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

This is an appeal from appellant's revocation of probation and the imposition of an aggravated sentence of 1.875 years imprisonment for the crime of endangerment. The primary issue presented is whether appellant's denial of any responsibility for the violation offense was properly considered as an aggravating factor in enhancing sentence. Appellant also argues that the trial court failed to adequately articulate its findings and reasons in support of the enhanced sentence as required by A.R.S. § 13–702(C). We find that where the charges against appellant were still pending, it was improper for the trial court to consider appellant's denial of responsibility for the violation offenses as an aggravating factor in sentencing and therefore remand for resentencing.

In December, 1981, appellant pled guilty to endangerment, a class 6 felony, in violation of A.R.S. § 13–1201. Pursuant to the plea agreement, the trial court suspended the imposition of sentence and placed appellant on probation for a period of three years conditional upon appellant serving two months flat time in the Maricopa County jail and making restitution to his assault victim for medical expenses.[1]

On March 31, 1982, approximately one month after appellant was released from jail, a petition to revoke probation was filed alleging that on March 30, 1982, appellant had committed the crimes of sexual assault and aggravated assault. A revocation arraignment was held on April 8, 1982, and appellant denied the allegations.

At the violation hearing on April 23, 1982, the victim testified that appellant and an accomplice drove her to a farm field west of Phoenix where appellant struck her about the chest several times and both appellant and his accomplice sexually assaulted her. Thereafter, the trial court found the allegations to be true and set the matter for disposition.

The probation officer prepared a probation violation report in which he recommended that probation be terminated, that the offense be designated a felony and that a term of imprisonment greater than the presumptive sentence be imposed. The report did not reflect that the probation officer talked with appellant prior to preparing the report. Nevertheless, one of the reasons given for the recommendation of an enhanced sentence was "The defendant's

---

1. The classification of the crime as either a class 1 misdemeanor or class 6 felony was left undesignated during the term of probation. See A.R.S. Section 13–702(G), Laws 1978.

denial of any responsibility in the violation offense".[2]

At the disposition hearing on May 17, 1982, appellant was asked by the trial court if there was anything he would care to say in his own behalf before sentencing. Appellant responded, "I didn't do what this girl says I did." The court then revoked appellant's probation, designated the offense a class 6 felony and sentenced appellant to the maximum term of 1.875 years imprisonment. In support of the aggravated sentence, the court stated:

> The reason I am giving you the maximum and not the presumptive sentence is the nature of the violation and the denial of any responsibility of the offense, the recommendations of the County Attorney and the detective.

At that time, the criminal charges arising out of the sexual assault were still pending against appellant.

In his opening brief, appellant claims that it is fundamentally unfair and therefore a violation of due process for a defendant to be advised pursuant to rules 27.7 and 27.8, Arizona Rules of Criminal Procedure, that he has the right to deny the allegations of a petition to revoke probation and that any statements made may be used against him and then to penalize him for exercising those rights.[3]

■ In support of his argument, appellant relies upon *United States v. Stockwell,* 472 F.2d 1186 (9th Cir.1973) *Cert. denied,* 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409, where it was held that if there was any unrebutted inference that the trial court

may have enhanced the defendant's sentence based upon his exercise of his right to stand trial, the chilling effect upon the right to trial would demand resentencing. The state does not contest that it would be a violation of due process to punish appellant for having exercised his right to a violation hearing and we have no difficulty in so holding. As stated in *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604, 610 (1978), "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort ..." The State's position is that the trial court was not referring to appellant's initial denial and insistence upon a revocation hearing in enhancing sentence, but on his post-hearing denial and that this intransigent attitude was an appropriate matter for consideration in sentencing as it reflected upon appellant's moral character and likelihood of rehabilitation.

■ Unquestionably, in imposing a sentence within the statutory limits, a trial court may consider the moral character of the defendant. *State v. Dixon,* 21 Ariz. App. 517, 521 P.2d 148 (1974). Additionally, it has been held that there is no fifth amendment violation in a trial court considering at sentencing a defendant's failure to confess to crimes of which he has been convicted. *United States v. Miller,* 589 F.2d 1117 (1st Cir.1978) *cert. denied,* 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979); *Gollaher v. United States,* 419 F.2d 520 (9th Cir.1969), *cert. denied,* 396 U.S. 960, 90 S.Ct. 434, 24 L.Ed.2d 424. However, in both cases cited, the court's holdings were based

---

**2.** The probation violation report listed the following factors in support of the probation officer's recommendation:

1. The serious nature of the probation offense;
2. The serious nature of the violation offense;
3. The defendant's denial of any responsibility in the violation offense;
4. The recommendation of County Attorney K.C. Scull and Maricopa County Sheriff's detective Maiocco for incarceration in the Arizona State prison for the maximum term. Stephen Collins, Deputy Public Defender, could not be reached for recommendation.

5. The amount of restitution ordered to the victim in the probation offense.

**3.** The transcript from the April 8, 1982 revocation arraignment does not reflect that appellant was advised, pursuant to rule 27.8, that any statements made by him at a violation hearing could be used to impeach his testimony at trial. However, the April 1, 1982 "initial appearance on probation revocation" held pursuant to rule 27.6 reflects that appellant was advised "That any statement made by the defendant prior to the revocation hearing may be used against defendant."

in part upon the fact that the defendants' guilt had been proven beyond a reasonable doubt. In the present case, the finding of a violation of probation was based upon the much lesser burden of proof of preponderance of the evidence. *State v. Paoletto,* 133 Ariz. 412, 652 P.2d 151 (App.1982). Appellant's guilt was yet to be adjudicated. We find that it is unconstitutional for a trial court in sentencing a defendant after a revocation of probation to consider the defendant's claim of innocence on the pending criminal charges to enhance the sentence because of the chilling effect it has on his right to testify at trial.

In *Roberts v. United States,* 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980), the court held that in enhancing sentence, it was proper for the trial court to consider a defendant's refusal to cooperate with government officials investigating a related criminal case where the defendant did not assert in the trial court his fifth amendment privilege as grounds for refusal to cooperate. The majority inferred, and the dissent clarified, that the defendant's sentence could not have been increased if the defendant's failure to cooperate had been clearly based upon a fifth amendment privilege. In his dissenting opinion, Justice Marshall stated:

> There can be no doubt that a judge would be barred from increasing the length of a jail sentence because of a defendant's refusal to cooperate based on the constitutional privilege against self-incrimination. In such a case, the threat of a longer sentence of imprisonment would plainly be compulsion within the meaning of the Fifth Amendment. (Citation omitted). Such an aggravation of sentence would amount to an impermissable penalty imposed solely because of the defendant's assertion of the Fifth Amendment privilege.

445 U.S. at 564, 100 S.Ct. at 1366, 63 L.Ed.2d at 633.

■ Clearly, if appellant Lask had asserted his Fifth Amendment privileges and remained silent, the trial court could not have properly considered his denial by silence to enhance his sentence. With charges pending, Lask not only had the constitutional right to remain silent but had the right to testify in his own behalf in his pending trial. *See,* Ariz. Const. Art. 2, § 24. By punishing Lask for failure to admit the pending charges, the trial court substantially chilled these constitutional rights. We do not mean to imply that the right to testify includes the right to commit perjury and a trial court may consider perjured testimony in enhancing sentence. *See United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). However, here it is clear that at best, the trial court was enhancing appellant's sentence partially upon his failure to confess to the pending charges and not merely because he felt appellant was lying. At worst, appellant's sentence was enhanced partially based upon an exercise of his right to deny these charges and insist on a revocation hearing. Therefore, the sentence must be vacated and the cause remanded to the trial court for resentencing. *Cf. United States v. Weston,* 448 F.2d 626 (9th Cir.1971) *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972).

■ As to appellant's claim that the trial court did not make specific findings in support of the aggravated sentence as required by A.R.S. § 13–702(C), although the court mentioned the nature of the violation, we agree. The trial court's reference to recommendations of the county attorney and the detective does not fall under one of the aggravating circumstances as enumerated in A.R.S. § 13–702(D). The trial court may not rely solely upon a recommendation of another but must justify an aggravated sentence on statutory grounds. *State v. Rodriguez,* 126 Ariz. 104, 612 P.2d 1067 (App.1980); *State v. Poling,* 125 Ariz. 9, 606 P.2d 827 (App.1980).

For the reasons stated, the sentence is vacated and the matter is remanded to the trial court for resentencing in compliance with this opinion.

FROEB, P.J., and GREER, J., concur.