701·P.2d 1197

**STATE of Arizona, Appellee,**

v.

**Arthur John SUNIGA aka Arthur J. Suniga, Appellant.**

**Nos. 1 CA–CR 5798, 1 CA–CR 5799.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 5, 1985.

Reconsideration Denied March 29, 1985.

Review Denied June 18, 1985.

released on parole until the expiration of the

maximum terms of the sentence less 180 days.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Crim. Div., Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Smith & Curtis by David W. Curtis, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

Appellant filed this appeal from his convictions on two counts of aggravated assault, Class 3 dangerous felonies, with two prior convictions, and his concurrent sentences of 11.5 years on each count. He presents three issues on appeal: (1) whether the trial court erred in proceeding with jury selection without first finding that appellant had voluntarily absented himself from trial; (2) whether the trial court abused its discretion in finding that appellant voluntarily absented himself from trial; (3) whether the trial court erred in modifying appellant's sentences.

The evidence presented at trial, taken in a light most favorable to sustaining the verdict, established that the appellant stabbed one Gary Ladd and assaulted one John Shearer with a knife. The jury found the appellant guilty of two counts of aggravated assault. The jury also found the allegation that appellant had twice previously been convicted of felonies to be true. Appellant, who had been tried *in absentia,*

was arrested on a bench warrant, and was present for sentencing. At sentencing, the trial court found several aggravating circumstances including the use of a deadly weapon, the injuries sustained by the victim, and appellant's criminal record. The trial court sentenced appellant to mitigated concurrent terms of 10.5 years imprisonment. The presumptive sentence for a Class 3 dangerous felony with two prior convictions was 11.25 years. The prosecutor informed the trial court that the presumptive term was 11.25 years, and that the sentence imposed was less that the presumptive term. The trial court then found mitigating factors as follows: Appellant had previously been represented by ineffective counsel, and appellant had some involvement with drugs. The trial court refused to change the sentence which it had imposed.

On December 1, 1981, the state filed a motion to modify the sentences pursuant to Rule 24.3, Arizona Rules of Criminal Procedure, on the ground that the sentences imposed were unlawful. Appellant filed a notice of appeal on December 3, 1981. On January 15, 1981, the trial court vacated the sentences which had been imposed and granted the state's motion to modify the sentences. The court found the existence of one aggravating circumstance, appellant's prior criminal record, and sentenced appellant to serve aggravated concurrent terms of 11.5 years imprisonment. The court found no mitigating circumstances.

## TRIAL IN ABSENTIA

For his first argument on appeal, appellant contends that the trial court erred in selecting the jury without first making a finding that he had voluntarily absented himself from trial. Rule 9.1, Arizona Rules of Criminal Procedure, establishes an inference that an absence from a proceeding "is voluntary if the defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear." The rule creates an inference and

does not require the trial court to make a finding that a defendant has voluntarily absented himself before proceeding. In *State v. Fristoe*, 135 Ariz. 25, 658 P.2d 825 (App.1982), we held that the trial court did not abuse its discretion in failing to hold a hearing and make a formal finding that the defendant had voluntarily absented himself from trial prior to trying him *in absentia.* We find that the trial court did not abuse its discretion in this case in refusing to find that appellant's absence was voluntary prior to empaneling the jurors.

Appellant also contends that the trial court abused its discretion in making an inference, pursuant to Rule 9.1, that appellant's absence from trial was voluntary prior. to the presentation of any evidence. The record reveals that appellant received and signed a release order indicating that he had a right to be present at his trial, and that if he did not appear, the trial would proceed in his absence. On July 14, 1981, defense counsel informed the court that he had mailed a letter to appellant on July 8, 1981. Appellant acknowledged to defense counsel that he had received the letter. The letter indicated that if the defendant failed to appear for trial, the trial would proceed in his absence, a bench warrant would be issued, and he could be convicted in his absence. Defense counsel spoke to appellant on Friday, July 10, 1981, and informed appellant personally that the trial date had been changed from July 13, 1981 to Tuesday, July 14, 1981. At that time, appellant informed counsel that he would be present. Appellant was not present for trial on July 14, 1981. Defense counsel informed the court that he did not have an explanation for appellant's absence. Although appellant asserts that he was informed merely that the trial date was "Tuesday", and that he had no actual notice that the trial would begin July 14, 1981, the record is clear that defense counsel actually informed appellant that his trial would commence on July 14, 1981. Counsel for appellant had no explanation for appellant's absence. Based on the foregoing, the trial court inferred, pursuant to Rule 9.1, that appellant's absence from trial was voluntary.

Where the record indicates that a defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence, "the trial court may presume the absence is voluntary and the burden is on the defendant to demonstrate otherwise." *State v. Fristoe*, 135 Ariz. at 34, 658 P.2d at 834; *State v. Bohn*, 116 Ariz. 500, 503, 570 P.2d 187, 190 (1977). In this case, defense counsel offered no evidence to suggest that appellant's absence was anything but voluntary, and affirmatively stated on the record that he had no explanation for appellant's absence. Under these circumstances, we find that the trial judge was entitled to infer that appellant's absence from trial was voluntary. That conclusion is bolstered by the fact that when the appellant was arrested on the bench warrant and brought to Arizona for sentencing, he admitted that he had gone to California on the advice of his friends and family, and because he had a conflict with his attorney. *See State v. Fristoe, supra.*

## MODIFICATION OF SENTENCE

For his final issue on appeal, appellant contends that the trial court did not have jurisdiction on January 15, 1982, to modify the sentences it had imposed on him on November 20, 1981. Alternatively, he argues that if the trial court did have jurisdiction to modify the sentences, it abused its discretion in so doing. We agree that it was improper for the court to reimpose and increase the sentence because the trial court was without authority to do so.

The trial court sentenced appellant on November 20, 1981, to serve concurrent terms of 10.5 years imprisonment. The state filed a motion to modify the sentences pursuant to Rule 24.3, Arizona Rules of Criminal Procedure, on December 1, 1981, and alleged that the sentences imposed were unlawful on the grounds that the trial court allegedly did not set forth on the record any mitigating circumstances which

it found to be true, nor did the trial court make a finding that the mitigating circumstances outweighed the aggravating circumstances, as required by A.R.S. § 13–702(C) and (D). The state also argued that the circumstances presented to the trial court by defense counsel (refusal of the state to plea bargain) could not reasonably be considered to be mitigating circumstances. On December 3, 1981, appellant filed his notice of appeal. On January 5, 1982, the record on appeal was filed in this court. On January 15, 1982, the trial court granted the state's motion and resentenced appellant to aggravated concurrent terms of 11.5 years on each count.

■ The threshold question presented is whether the perfection of the appeal prior to the trial court's modification of sentence divested the trial court of jurisdiction to rule on the previously filed motion for modification of sentence. Rule 24.3 provides:

> The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed.

The Comment to the rule provides in pertinent part:

> This rule allows the court to correct an unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and pronouncement of sentence, *but before the perfection of the defendant's appeal,* whichever is sooner. [Emphasis added.]

Rule 31.11, referring to perfection of the appeal provides:

> No new matter, other than a petition for post-conviction relief not precluded under Rule 32.2, may be filed in the trial court by any party to an appeal later than 15 days after the record on appeal has been filed.

The Comment to Rule 31.11 provides, in pertinent part:

> Perfection, under this section, merely designates to what court new matters relating to the appeal must be addressed. It does not remove the trial court's jurisdiction to decide motions filed before the cut-off date, or petitions for post-conviction relief based upon issues which are not raisable on appeal and were not raised in a post-trial motion. See Rules 24.2; 24.3; 32.1; 32.2. *Thus a Rule 24 motion which was filed before perfection may be decided by the trial court after perfection whether or not the appeal has been stayed under Rule 31.-4(a).* [Emphasis added.]

In *State v. Reynaga,* 111 Ariz. 256, 527 P.2d 764 (1974), the supreme court held that the filing of a notice of appeal did not divest the trial court of jurisdiction to rule on a Rule 24.3 motion filed prior to the perfection of the appeal. The Comments to Rule 31.11 make it clear that a motion filed pursuant to Rule 24 prior to perfection of the appeal may be decided by the trial court after perfection of the appeal. We find that the trial court retained jurisdiction to rule on the motion to modify the sentence.

■ The question then becomes whether the trial court had any authority to alter the sentence. A trial court has no inherent power to change a sentence already lawfully imposed. *State v. Filipov,* 118 Ariz. 319, 576 P.2d 507 (App.1977) and *State v. Falkner,* 112 Ariz. 372, 542 P.2d 404 (1975). A trial court can, pursuant to Rule 24.3, modify an unlawful sentence or one imposed in an unlawful manner. Appellant contends, and the state concedes, that the sentences originally imposed on November 20, 1981, were lawful in that they were within the range provided for by statute. An unlawful sentence is one that is not within the statutory provisions. *United States v. Huss,* 520 F.2d 598 (2d Cir.1975); *United States v. Mack,* 494 F.2d 1204 (9th Cir.1974).

We must consider whether the sentence originally imposed was imposed in an unlawful manner. At sentencing on November 20, 1981, the trial court asked defense counsel before imposing sentence if there was anything defense counsel would like to say. Defense counsel urged the trial court to impose a minimum sentence because a

plea agreement had originally been entered into, the benefit of which would have been a substantially lower sentence than the minimum term which could be imposed under the guilty verdict by the jury. The plea agreement was withdrawn when counsel was substituted for the defendant on the ground that previously appointed counsel had ineffectively represented appellant. The trial court then asked the prosecutor if he had anything to say. He responded that there were no mitigating circumstances in the case and that there were at least four aggravating circumstances. The trial court then stated:

> Based on the jury verdict in this case, also what I see to be a substantial prior criminal record, based on the fact that there were serious injuries involved in this case, there was a knife involved, there were repeated stab wounds to the victim in the case, I think I have no choice but to sentence you to the custody of the Department of Corrections for a period of 10 and one-half years.

Thus, the trial court found the existence of aggravating circumstances, and yet imposed a mitigated term. The prosecutor then pointed out to the court that it had imposed a mitigated term, and the trial court stated:

> Well, I do find that there is some degree of mitigation in the case because of the prior representation of Mr. Suniga.
>
> I also find that there is some minimal mitigation in view of the substantial involvement in drugs which led—to some minimal degree effected his ability to control his conduct. ·
>
> It is my intention that his sentence remain 10 and one-half years regardless of what particular means of calculation is used to reach that sentence. It seems to me that that is the appropriate sentence for his kind of problem, with his kind of record. And so that's why I prefer to leave the sentence.
>
> I feel there are some aggravating factors. There are also some mitigating factors in the case.

On January 15, 1982, the trial judge informed appellant that the previous sentence of 10.5 years was an illegal sentence, and indicated that he had misread the sentencing chart. The trial judge then found one aggravating factor to be true, namely, appellant's prior record.

 The trial court is authorized to impose a sentence either in aggravation or mitigation of the presumptive, "only if the circumstances alleged to be true in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing." A.R.S. § 13–702(C). Certainly, at the original sentencing proceedings on November 20, 1981, the trial court found both aggravating and mitigating circumstances to be true and set them forth on the record at the time of sentencing. It is implicit in the trial judge's statement that he weighed each and struck a balance. Although the state contends that the factors found in mitigation could not properly be considered mitigating circumstances, we disagree. A.R.S. § 13–702(D)(13) and (E)(5) authorizes the trial court to consider either in aggravation or mitigation any factors which the court may deem appropriate to the ends of justice. We believe that the trial court could properly consider in mitigation the fact that appellant had previously negotiated a favorable plea agreement which had been withdrawn due to ineffective assistance of counsel. Under the aborted plea agreement, the allegations of prior convictions were dropped so that the range of sentences that could be imposed was substantially less than could be imposed for the convictions the appellant actually suffered. Arguably, that plea agreement reflected to some degree what the state considered to be a proper sentence for the crime the appellant committed under all the circumstances of the case. It is not just those factors bearing directly on the commission of the crime which can be

considered for purposes of aggravation or mitigation. The trial court, for instance, may consider all evidence and information presented at all stages of the trial, together with all probation and presentence reports, *State v. Meador*, 132 Ariz. 343, 645 P.2d 1257 (App.1982), or factors like the general moral character of the defendant, *State v. Lask*, 135 Ariz. 612, 663 P.2d 604 (App.1983).

■ Pursuant to A.R.S. § 13–702(E)(2), the court shall consider as a mitigating circumstance whether "the defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution." Although the trial judge referred to appellant's drug use as a reason for mitigating the original sentence, the presentence report indicates that appellant was actually intoxicated on alcohol when he committed the assault. Regardless of whether drugs or alcohol were involved, the critical point is that appellant's capacity to appreciate the wrongfulness of his conduct was impaired. Intoxication during the commission of a crime can be a mitigating factor, *State v. Marquez*, 127 Ariz. 3, 617 P.2d 787 (App.1980), as can be the fact that one is under the influence of drugs when a crime is committed. *State v. de la Garza*, 138 Ariz. 408, 675 P.2d 295 (App.1983). *See also State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984) (evidence of defendant's drug and alcohol use preceding murders established mitigating circumstance).

■ A sentence "imposed in an unlawful manner" is one imposed without due regard to the procedures required by statute or to the provisions of Rule 26, Arizona Rules Criminal Procedure, relating to entry of judgment, the preparation of a presentence report, the conduct of the presentence hearing and the sentencing itself. *See* comments to Rule 24.3, Arizona Rules of Criminal Procedure, and to Rule 35, Federal Rules of Criminal Procedure. The latter is substantially similar to our state rule.

■ As we have already observed, the trial court has no inherent power to change

a sentence already lawfully imposed. *State v. Filipov, supra; State v. Falkner, supra.* Once a defendant begins to serve a lawful sentence, he may not be sentenced to an increased term. To do so violates the constitutional proscription against double jeopardy. *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873); *State v. Wheeler*, 108 Ariz. 338, 498 P.2d 205 (1975). The fact that the trial judge may have been acting under a misapprehension of fact not engendered by the defendant does not change the result. *See United States v. Evans*, 459 F.2d 1134 (D.C.Cir.1972) (sentence could not be increased even though the judge had been under the misapprehension that the defendant was already serving another sentence); J. Cook, *Constitutional Rights of the Accused—Post-Trial Rights*, § 82 (1976). *But see United States v. Stevens*, 548 F.2d 1360 (9th Cir. 1977) (where judge inadvertently imposed a two year sentence instead of the ten year sentence called for in the plea agreement, the same was held to be illegally imposed and correctable.)

The key to the result we reach here is that although the trial judge was initially under a misapprehension as to the presumptive sentence, his error was called to his attention and he then made findings with respect to mitigating circumstances and specifically stated that he considered the mitigated sentence appropriate. The vice of allowing a resentencing under these circumstances is that it allows the judge a second guess that should not be permitted. It is not unheard of that a perfectly legal and wise sentence is unpopular and subjects the judge to criticism. Although that is not what happened here, the law should not tempt the "correction" of such a sentence or allow for second guessing.

We have not overlooked the fact that A.R.S. § 13–4032(6) allows the state to appeal from the imposition of a sentence which is less than the presumptive. In *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Supreme Court held that there was no constitutional impediment to increasing a sentence if a legislature authorizes an ap-

peal of the sentence by the prosecution. But that is not the route the state chose to pursue. There is far less danger of abuse from such an appeal than exists from the allowance of an unauthorized increase by the trial court.

## OTHER ARGUMENTS

 Appellant also argues that there was no finding by the jurors that the allegation of dangerousness was true in this case. We disagree. The jury was instructed that the use of a deadly weapon or dangerous instrument was one of the elements of aggravated assault; the jury was also instructed on what constituted a deadly weapon or dangerous instrument. The finding of dangerousness was therefore implicit in the jury verdicts finding appellant guilty of two counts of aggravated assault. *State v. Barrett*, 132 Ariz. 88, 644 P.2d 242 (1982). Moreover, appellant was sentenced as a third-time non-dangerous offender, and the finding of dangerousness therefore did not serve to enhance his sentences. *See* A.R.S. § 13–604(D) and *State v. Laughter*, 128 Ariz. 264, 625 P.2d 327 (App.1980).

Appellant also argues that the jury verdicts do not establish whether he was convicted of Class 3 felonies or Class 6 felonies. Appellant was charged with Class 3 felonies, i.e., two counts of aggravated assault by use of a deadly weapon or dangerous instrument. A.R.S. § 13–1204(A)(2). The jurors were properly instructed regarding the elements of the offenses, and they found appellant guilty of two counts of aggravated assault. We find that appellant was properly convicted of and sentenced for Class 3 felonies.

For the foregoing reasons, the trial court's judgment of conviction is affirmed. The sentences of 11.5 years imprisonment entered by the trial court are, pursuant to A.R.S. § 13–4037, reduced to 10.5 years.

GREER, J., concurs.

FROEB, Judge, dissenting:

The first sentence of 10.5 years was in fact less than the presumptive; it was a mitigated term.

In my opinion, that sentence was invalid because the court found mitigating factors which were not legally recognizable. I am unable to agree that either a withdrawn plea agreement or illegal drug usage are mitigating factors under A.R.S. § 13–702(E)(5) which will justify a less than presumptive term.

That being the case, the mitigated sentence could not stand and the trial court properly vacated it under rule 24.3. If it had not done so, the state could have successfully challenged the mitigating circumstances on appeal. *See* A.R.S. § 13–4032(6).

It follows therefore that the trial court correctly resentenced appellant to aggravated concurrent terms of 11.5 years. I would affirm both the conviction and the sentence.