242

841 P.2d 1050

**STATE of Arizona, Respondent,**

v.

**Francisca Antonia ROMERO, Petitioner.**

**No. 1 CA–CR 92–0341–PR.**

Court of Appeals of Arizona,
Division 1, Department A.

Nov. 19, 1992.

Richard M. Romley, Maricopa Co. Atty. by Janet McNaughton, Deputy Co. Atty., Phoenix, for respondent.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

KLEINSCHMIDT, Judge.

In 1990, the defendant was indicted on eleven counts of fraudulent schemes and artifices and on one count of unlawful flight. She pled guilty to two counts of fraudulent schemes and artifices, class two felonies, and the remaining counts were dismissed. The plea agreement provided for a sentencing range of seven to fourteen years.

The defendant was sentenced to concurrent aggravated sentences of twelve years for each offense. The trial judge gave the following reasons for his decision:

The defendant has a criminal history dating back to the 1950's being in trouble with the law. Not counting those against her, but she's no stranger to the criminal justice system. Her criminal history dates back as far as 1971, and it continues on after that.

The defendant has been engaged in criminal activity giving rise to these of-

fenses. The defendant has pled guilty to what have involved her calculating the crimes and presumably weighing the consequences, and I suspect that the defendant's age has played a part in her success in being able to continue on as she has without being apprehended until this time.

The defendant has received a major benefit under the plea agreement. It is a very favorable plea agreement, and I was surprised that the prosecutor didn't recommend the maximum sentence.

Finding that the defendant, because of the extensive criminal history, the recommendation of the presentence investigator, the defendant being a threat to the community, those being aggravating circumstances warranting an aggravated term....

The defendant's criminal history revealed numerous arrests, but only one conviction, which occurred in Kansas in 1971.

The defendant filed a petition for post-conviction relief, asserting that the trial judge erred by improperly considering her prior arrests as an aggravating factor. The trial court denied the petition for post-conviction relief without a hearing, stating:

Petitioner's criminal history from the early 1950's was mentioned only to note Petitioner was no stranger to the criminal justice system for almost 40 years. In sentencing Petitioner to an aggravated term this Court considered Petitioner's extensive criminal history dating back to 1971, which included 1 felony conviction. Had this one conviction existed on Petitioner's record without the other arrests, an aggravated term likely would not have been imposed. It is the background of these other arrests, that makes the prior felony conviction become meaningful as an indicator of Petitioner a threat to society. [sic]

The defendant timely filed a petition for review to this court.

## THE DEFENDANT'S EXTENSIVE CRIMINAL HISTORY

■ The defendant argues that the judge should not have relied on mere arrests as an aggravating factor. A trial court may not aggravate a sentence "based on the mere report of an arrest with no evidence of the underlying facts to demonstrate that a crime or some bad act was probably committed by the defendant." *State v. Shuler*, 162 Ariz. 19, 21, 780 P.2d 1067, 1069 (App.1989).

In the present case, the judge stated that he was using the defendant's extensive criminal history as an aggravating factor and said that he would not have imposed an aggravated sentence if the arrests had not been included in the criminal history. There is no evidence of underlying facts to show that the defendant committed any of those crimes. Thus, the trial judge erred in sentencing the defendant because he relied on mere arrests as an aggravating factor.

■ We also note that the defendant's single documented prior conviction occurred nineteen years before she was charged with the present crimes. Arizona Revised Statutes Annotated ("A.R.S.") § 13–702(D)(11) specifies that the trial court shall consider, as an aggravating factor, whether the defendant "was previously convicted of a felony within the ten years immediately preceding the date of the offense." We take the statute to mean the court *must* consider convictions that are less than ten years old. While we do not understand the statute to mean that the judge cannot consider any felony that is more than ten years old, the age of this conviction does diminish its force as an aggravating factor.

## THE DEFENDANT AS A THREAT TO THE COMMUNITY

■ The defendant next argues that the judge erred by using her status as a threat to the community as an aggravating factor. In his denial of the petition for post-conviction relief, the judge stated that the defendant was a threat to the community because of her background of arrests. Again, it was error to use the defendant's arrest record to support the conclusion that she was a threat to the community.

## THE PRESENTENCE INVESTIGATOR'S RECOMMENDATION

■ The defendant's final argument is that the trial judge improperly used the recommendation of the presentence investigator as an aggravating factor. The trial judge is entitled to consider such a recommendation as a double check on his own judgment, but as we noted in *State v. Lask*, 135 Ariz. 612, 663 P.2d 604 (App. 1983), a sentencing recommendation is not an aggravating factor. Standing alone, it will not justify a variation from the presumptive sentence.

The language of the statute supports our conclusion. A trial judge should determine whether any of the aggravating factors listed in A.R.S. § 13–702(D) may be present in a given case. Then the judge must determine whether those factors are true. All of the factors mentioned in the statute relate to something about the background or character of the defendant or the circumstances surrounding the commission of the crime. A recommendation of a presentence investigator is merely an opinion— not something that calls for a determination of its truth. Nor is it a characteristic of the defendant or the crime.

It is ordered remanding this case to the trial court for resentencing.

LANKFORD, P.J., and MICHAEL J. O'MELIA,* Superior Court Judge, concur.

---

* The Honorable MICHAEL J. O'MELIA, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.