NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

ISMAEL MAYORQUIN, *Petitioner*.

No. 1 CA-CR 13-0134 PRPC
FILED 05-29-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR2007-170264-001
Honorable Steven P. Lynch, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Ismael Mayorquin, Florence
*Petitioner In Propria Persona*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1 Petitioner Ismael Mayorquin petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 A jury convicted Mayorquin of kidnapping and found the offense was a dangerous crime against children. The trial court sentenced him to twenty-four years' imprisonment and we affirmed his conviction and sentence on direct appeal. *State v. Mayorquin*, 1 CA-CR 09-0190, 2010 WL 363784 (Ariz. App. Feb. 2, 2010) (mem. decision). Mayorquin filed a pro se petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Mayorquin now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3 The petition for review properly presents three issues. Mayorquin argues the trial court erred when it considered prior felony convictions more than ten years old as an aggravating factor for sentencing purposes and that the prosecutor tainted the jury when she referred to Mayorquin in her opening statement as a "predator" who "waited, watched, calculated and set the time." Mayorquin further argues his appellate counsel was ineffective when he failed to raise these two issues on direct appeal.

¶4 Outside the context of ineffective assistance of counsel, Mayorquin could have raised his claims regarding the prosecutor's opening statement and the court's consideration of aggravating factors on direct appeal.[1] Any claim a defendant could have raised on direct appeal

---

[1] Mayorquin's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). We invited Mayorquin to file a supplemental brief *in propria persona*, but he failed to do so.

is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply here.

¶5 Regarding the assistance of appellate counsel, Mayorquin has failed to present a colorable claim of ineffective assistance because he failed to show his appellate counsel's performance fell below objectively reasonable standards and that any allegedly deficient performance prejudiced him, both of which are necessary to present a colorable claim of ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the prosecutor's comment inferring that Mayorquin is a "predator" was within permissible boundaries. *See State v. Burruell*, 98 Ariz. 37, 40, 401 P.2d 733, 736 (1965) (explaining that "considerable latitude" should be given to a prosecutor in opening statements). Regarding the court's consideration of felony convictions more than ten years old as an aggravating factor, a trial court may consider prior felony convictions more than ten years old as aggravating factors for sentencing purposes. *State v. Romero*, 173 Ariz. 242, 243, 841 P.2d 1050, 1051 (App. 1992). The language in A.R.S. § 13-702(C)(11) on which Mayorquin relies *requires* the trial court to consider any felony conviction within the preceding ten years as an aggravating factor for sentencing purposes. It does not *prohibit* the court from considering prior felony convictions more than ten years old. *Romero*, 173 Ariz. at 243, 841 P.2d at 1051 (addressing the identical language in the former A.R.S. § 13-702(D)(11)). Further, the trial court addressed Mayorquin's prior convictions in terms of his "criminal history[.]" A trial court may consider a defendant's criminal history as an aggravating factor for sentencing purposes. *State v. Williams*, 134 Ariz. 411, 413-414, 656 P.2d 1272, 1274-1275 (App. 1982). For these reasons, Mayorquin's appellate counsel was not ineffective when he failed to raise these issues on appeal and Mayorquin suffered no prejudice from counsel's inaction.

¶6 While the petition for review presents additional issues, Mayorquin did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶7 Based on the foregoing, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh