NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SUFYAN SAFWAN TALIBUDDIN, *Appellant.*

Nos. 1 CA-CR 12-0670, 1 CA-CR 13-0929 (Consolidated)
FILED 11-06-2014

Appeal from the Superior Court in Mohave County
No. S8015CR201100200
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**SWANN**, Judge:

¶1     Sufyan Safwan Talibuddin ("Defendant") appeals his conviction and sentence for aggravated assault and the denial of his motion to vacate judgment. Defendant argues that the trial court erred in finding that he was voluntarily absent from his trial and in admitting evidence that he was on probation. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2     Defendant was indicted on two counts of aggravated assault in connection with an assault committed against his roommate. For sentence enhancement purposes, the State alleged that Defendant had two prior historical felony convictions and that he committed the assault while on probation.

¶3     When Defendant failed to appear for trial, he was tried *in absentia*. A jury found Defendant guilty of aggravated assault on one count and the lesser offense of misdemeanor assault on the second count. After return of the verdicts, the trial court issued a bench warrant for Defendant's arrest. Defendant was taken into custody a month later.

¶4     At sentencing, the trial court dismissed the misdemeanor assault conviction on the grounds that it merged into the aggravated assault conviction and sentenced Defendant to a presumptive ten-year prison term. Defendant timely appealed from his conviction and sentence.

¶5     Defendant further filed a motion to vacate judgment, arguing that the trial court erred by conducting the trial in his absence and thereby deprived him of his right to be present. After an evidentiary hearing at which both Defendant and his trial counsel testified regarding the circumstances surrounding Defendant's failure to appear for trial, the trial court ruled that Defendant's absence from trial was voluntary and denied the motion. Defendant appealed from the denial of his motion to vacate judgment, and on Defendant's motion, we consolidated the two appeals.

## DISCUSSION

I.      Finding of Voluntary Absence

**¶6**          A defendant's right to be present at trial is guaranteed by both the federal and state constitutions.  U.S. Const. Amend. 6, 14; Ariz. Const. art. 2, § 24; *State v. Garcia-Contreras*, 191 Ariz. 144, 147, ¶ 8, 953 P.2d 536, 539 (1998), *see also* Ariz. R. Crim. P. 19.2 (providing "defendant has right to be present at every stage of trial").  This right is not absolute, however, and a defendant may waive it by voluntarily absenting himself.  Ariz. R. Crim. P. 9.1; *Taylor v. United States*, 414 U.S. 17, 20 (1973).  We review a trial court's finding that a defendant was voluntarily absent from trial for abuse of discretion.  *State v. Sungia*, 145 Ariz. 389, 391–92, 701 P.2d 1197, 1199–1200 (1985).

**¶7**          The trial court may infer that a defendant's absence from trial is voluntary if the defendant had personal notice of the time for trial, the right to be present, and a warning the trial would go forward in his absence should he fail to appear.  Ariz. R. Crim. P. 9.1.  When the circumstances indicate that these elements have been satisfied and the defendant nevertheless fails to appear for trial, "the absence is presumed voluntary" and the defendant bears the burden of proving otherwise.  *State v. Hall*, 136 Ariz. 219, 222, 665 P.2d 101, 104 (1983).

**¶8**          Defendant does not contest that he had notice of his right to be present at trial or that he was warned that he could be tried *in absentia* if he failed to appear.  His challenge to the trial court's finding of a waiver of the right to be present is based on a contention that he did not have actual notice of the rescheduled trial date, and that he was misled by his trial counsel's failure to contact him about the new date.

**¶9**          The facts surrounding Defendant's failure to appear for trial are not in dispute.  Defendant was present in court at a final management conference on March 5, 2012, when the trial court scheduled his trial for April 24, 2012.  He had been sentenced to prison in another case, and at this conference the trial court granted his request to be transferred from the county jail to the Department of Corrections to permit him to finish that prison sentence before trial in the present case.  The April 24th trial date was set based on the belief that Defendant would be released from prison prior to that date.  In granting the request, the trial court instructed Defendant that even though he would no longer be on probation when he got out of prison, he would still be "on release on this case."

**¶10**          While Defendant was in prison, the trial court held two more final management conferences.  At the first conference on April 9, 2012, defense counsel told the trial court that Defendant was not present because he had not yet been released from prison.  Because of Defendant's expected unavailability on April

24th, the trial court reset the trial to May 30, 2012. At the next conference on May 14, 2012, defense counsel informed the trial court that Defendant was set to be released from prison later that week and agreed that the trial could proceed as scheduled on May 30th.

¶11 Defendant was released from prison on May 15, 2012, but failed to appear for trial on May 30th. The trial court held a hearing on whether trial should proceed in his absence. Defense counsel told the trial court that she was informed that Defendant had been released from prison and was living at a half-way house in Phoenix. She further reported that although Defendant was being supervised by a parole officer, her multiple attempts to contact Defendant through the parole officer had failed and that she last had contact with Defendant on March 5th. After learning that defense counsel did not know Defendant's exact whereabouts or how to contact him, the trial court ruled that the trial would proceed in Defendant's absence, because "even though the defendant may not know of today's trial date, the only reason that he doesn't know is that he has not fulfilled his obligation to keep in contact with his attorney and to make sure that he knows when this case is set for trial."

¶12 The trial court did not abuse its discretion by finding that Defendant voluntarily absented himself from trial when he failed to appear for trial on May 30th. At the evidentiary hearing on the motion to vacate judgment, Defendant testified that he was released from prison two weeks before the rescheduled trial date. There was nothing that physically prevented him from appearing for trial on May 30th. Even though Defendant never received actual notice of the rescheduled trial date, as the trial court noted in deciding to proceed with trial *in absentia*, he was charged with the duty to stay in contact with his attorney.

¶13 Defendant testified that he could not call his attorney while in prison because he did not have phone privileges. However, he failed to offer any reason why he could not have called his attorney during the two weeks after his release from prison to determine the status of his case. Accordingly, the trial court could reasonably have found that Defendant's knowledge of his original trial date and his failure to fulfill his responsibility to maintain contact with his counsel evidenced a knowing and voluntary absence from trial. *State ex rel. Thomas v. Blakey*, 211 Ariz. 124, 127-28, ¶¶ 12-14, 118 P.3d 639, 642-43 (App. 2005); *see also State v. Muniz-Caudillo*, 185 Ariz. 261, 262, 914 P.2d 1353, 1354 (App. 1996) (holding absence voluntary where defendant did not have personal notice of trial date, but failed to stay in contact with trial counsel to ascertain trial date).

¶14 Defendant cites *Peoples v. Evans*, 172 N.E.2d 799 (Ill. 1961), for the proposition that his miscommunication with counsel constitutes a valid excuse for his nonappearance. But that case is readily distinguishable. In *Evans*, the

defendant left the state and failed to appear for trial in reliance on counsel's observation that he did not believe the defendant's trial would proceed during the time he was out of town. *Id.* at 800. Here, in contrast, there was no affirmative conduct by counsel that misled Defendant about his obligations to remain in contact. Defendant testified at the evidentiary hearing that he simply assumed that the charges against him were dismissed because he was released from prison on parole without any detainer. His assumption, however, was not based on anything counsel told him -- it was the result of his failure to contact counsel or the court to determine the status of his pending case after his release from prison.

II.      Admission of Other-act Evidence

**¶15**      Defendant argues the trial court erred in admitting evidence that he was on probation. He contends this evidence should have been excluded as inadmissible "other-act evidence" pursuant to Ariz. R. Evid. 404(b).

**¶16**      We review evidentiary rulings for abuse of discretion. *State v. Mott*, 187 Ariz. 536, 545, 931 P.2d 1046, 1055 (1997). The trial court has discretion to admit other-act evidence provided that: 1) it is offered for a proper relevant purpose under Rule 404(b); 2) its relevance under Rule 401 is not substantially outweighed by the potential for unfair prejudice under Rule 403; and 3) the trial court gives a limiting instruction if requested under Rule 105. *State v. Ferrero*, 229 Ariz. 239, 242, ¶ 12, 274 P.3d 509, 512 (2012). Because Defendant failed to object to the challenged evidence at trial, our review is limited to fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). To prevail under this standard of review, a defendant must establish both fundamental error and resulting prejudice. *Id.* at ¶ 20.

**¶17**      Rule 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Thus, other-act evidence may not be used to prove a defendant's bad character or guilt of another crime. *State v. Gamez*, 144 Ariz. 178, 179, 696 P.2d 1327, 1328 (1985). Such evidence may, however, be admissible for other non-propensity purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b).

**¶18**      The State introduced the evidence that Defendant was on probation to establish motive for the assault. The State's theory was that Defendant committed the assault because he was angry with the victim for telling Defendant's probation officer that Defendant had not been living at the home where Defendant had informed his probation officer he was residing. Although motive is not an element of assault, evidence of motive is relevant to proving a

defendant's guilt. *See State v. Hunter*, 136 Ariz. 45, 50, 664 P.2d 195, 200 (1983) (holding motive is relevant in murder prosecution even though not element of offense); *State v. Tuttle*, 58 Ariz. 116, 120, 118 P.2d 88, 90 (1941) ("[P]roof of motive is always relevant.").

**¶19** We reject Defendant's argument that the fact that he was on probation was not relevant. Defendant contends that because his probation officer had not contacted him, there was no evidence that he knew that the victim had told his probation officer about his violation, and therefore the reported probation violation would not establish motive for the assault. The victim, however, testified that as Defendant pushed his way into the victim's bedroom and punched him in the face, Defendant yelled at him about calling the police and his probation officer to get him "busted." Therefore, even if Defendant did not hear directly from his probation officer about the authorities looking for him regarding his probation violation, the jury could reasonably infer that Defendant had come by the information secondhand from some other person who had been contacted by the probation officer. Accordingly, the trial court did not abuse its discretion in finding that evidence of Defendant's probation status was admissible for a proper relevant purpose under Rule 404(b).

**¶20** The trial court could also reasonably find that the evidence was not subject to exclusion under Rule 403. This rule provides for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Ariz. R. Evid. 403. "Unfair prejudice results if the evidence has an undue tendency to suggest decision on an improper basis, such as emotion, sympathy, or horror." *Mott*, 187 Ariz. at 545, 931 P.2d at 1055 (citing *State v. Schurz*, 176 Ariz. 46, 52, 859 P.2d 156, 162 (1993)). The jury was not informed of the offenses for which Defendant was on probation, and we cannot say that the court abused its discretion by concluding that any prejudice was outweighed by the probative value of the evidence. *See State v. Harrison*, 195 Ariz. 28, 33, ¶ 21, 985 P.2d 513, 518 (App. 1998) ("The trial court is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice."), *aff'd*, 195 Ariz. 1, 985 P.2d 486 (1999).

**¶21** Finally, the trial court gave a limiting instruction pursuant to Rule 105 on the proper use of the other-act evidence. We presume that the jurors followed the trial court's instructions and did not use the evidence as proof of Defendant's bad character. *State v. Newell*, 212 Ariz. 389, 403, ¶ 68, 132 P.3d 833, 847 (2006). Thus, there was no error, let alone fundamental error, in the admission of the other-act evidence.

**CONCLUSION**

¶22      For the reasons stated, we affirm Defendant's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: gsh