675 P.2d 295

**The STATE of Arizona, Appellee,**

v.

**Meliton de la GARZA, Appellant.**

**Nos. 2 CA–CR 3105, 2 CA–CR 3106–2.**

Court of Appeals of Arizona, Division 2.

Dec. 30, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Carol E. Wittels, Asst. Public Defender, Tucson, for appellant.

PER CURIAM.

Pursuant to a plea agreement, appellant pled guilty to theft over $100 with one prior conviction and also to theft of a credit card. Appellant was sentenced to the maximum terms of imprisonment in both cases, an eight year prison sentence in the theft conviction and 2½ years in prison on the credit card conviction.

The sole point raised on appeal is that the sentences imposed are excessive. Appellant argues that the court erred in finding that mitigating factors presented were insufficient to call for a lesser term of imprisonment. First, appellant argues that his age, 25, should have been considered as a mitigating circumstance. However, extreme youth or old age only becomes a mitigating factor when, because of immaturity or senility, the defendant lacks substantial judgment in committing the crime. *State v. Johnson*, 131 Ariz. 299, 640 P.2d 861 (1982). There is nothing in the record herein to suggest that appellant's age should have constituted a mitigating factor.

Second, appellant points to his addiction to heroin. However, the presentence report shows that appellant has not completed any of the various rehabilitation programs in which he has participated and has gone back to his addiction even after forced abstinence during short prison terms.

Appellant's final point is that the non-violent nature of the offenses should have persuaded the court to impose a mitigated sentence. However, A.R.S. § 13-702(E), the applicable statute for determining mitigating factors in sentencing, does not specifically enumerate non-violence as a mitigating factor. To the contrary, violence is deemed to set the commission of an offense apart and therefore constitutes an

aggravating circumstance. It is therefore apparent that a non-violent situation is the one envisioned by the legislature for the imposition of the presumptive term, not a mitigated term. In view of appellant's prior record and his previous failure to abide by drug rehabilitation efforts, we cannot say that the trial court abused its sentencing discretion by insuring that appellant will be removed from society for a period hopefully sufficiently long to complete a successful rehabilitation.

Our review of the record for fundamental error has revealed none. The judgments of conviction and the sentences imposed are affirmed.

HOWARD, C.J., and BIRDSALL and HATHAWAY, JJ., concur.