712 P.2d 454

**The STATE of Arizona, Appellee/Cross-Appellant,**

v.

**Jose Albeja RISCO, Appellant/Cross-Appellee.**

**The STATE of Arizona, Appellee,**

v.

**Jose Albeja RISCO, Appellant,**

**The STATE of Arizona, Appellant/Cross-Appellee,**

v.

**Ruben Arvizu MORENO, Appellee/Cross-Appellant.**

Nos. 2–CA–CR 3508, 3509–2, 3510–2 and 3536–3.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 23, 1985.

Robert K. Corbin, The Atty. Gen. by Bruce M. Ferg, Tucson, for the State of Arizona.

Antonio F. Riojas, Jr., Tucson, for Jose Albeja Risco.

James P. Watts, Tucson, for Ruben Arvizu Moreno.

## OPINION

FERNANDEZ, Judge.

These appeals, involving totally separate defendants and offenses, were consolidated upon motion of the state for our consideration of the issue of the scope of the trial court's authority with respect to findings of mitigating circumstances. For the reasons set forth below, we affirm the convictions and sentences in both cases.

In CR–11480, appellant Moreno was convicted of one count of second-degree burglary by a jury which also found the state's allegation of four prior felony convictions to be true. The trial court sentenced appellant to the presumptive enhanced term of 11.25 years' imprisonment. Counsel for appellant has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969); appellant has not filed a supplemental brief. Counsel has raised no arguable issues nor, apart from the issue raised in its cross-appeal, has the state. Our own review of the record reveals no fundamental or reversible error, and we therefore affirm the conviction. The issues raised by the state with respect to sentencing will be discussed below.

In CR–10601, appellant Risco was indicted on four counts of attempted trafficking, seven counts of second-degree trafficking and one count of first-degree trafficking, with each count alleged as a prior to the other counts. Pursuant to a plea agreement, appellant pled guilty to two counts of second-degree trafficking and one count of

first-degree trafficking, and admitted the first two charges as priors to the latter charge. The parties agreed that the sentences would be concurrent with each other and with the sentence imposed in CR–11551, and that appellant would receive a 15-year sentence in CR–10601 and would be required to serve at least ten years. The state dismissed the other charges. The court accepted the plea, and appellant was sentenced to five and 7.5 years on the second-degree trafficking convictions and 15 years on the first-degree trafficking conviction. Counsel has filed a brief in accordance with *Anders v. California,* supra, and *State v. Leon,* supra; appellant has not filed a supplemental brief. Although counsel argues that issues "may" exist with respect to competence of counsel and the voluntariness of appellant's plea, no basis for such claims is presented nor do we find any. Our own review of the record has revealed no error, and the state has not challenged the sentencing in this case. The judgments of conviction and sentences are therefore affirmed.

■ In CR–11551, four and one-half months after the indictment in CR–10601, Risco was indicted on one count of fraudulent scheme or artifice, three counts of theft over $1,000 and one count of second-degree trafficking (subsequently dismissed), arising out of events which occurred while Risco was on release in CR–10601. Risco was convicted on all four counts. He was sentenced to the presumptive term of seven years on the fraudulent scheme conviction and mitigated terms of five, ten and ten years, respectively, on the theft convictions, all terms to run concurrently. In the sole issue raised on appeal, appellant argues that the trial court erred in denying his motion for a mistrial on the ground that some of the jurors had witnessed him in handcuffs. Appellant presented no competent evidence to the trial court establishing that any jurors had in fact seen him in handcuffs, see *State v. McMurtrey,* 136 Ariz. 93, 664 P.2d 637, cert. denied, 464 U.S. 858, 104 S.Ct. 180, 78 L.Ed.2d 161 (1983), nor has he demonstrated any prejudice, even assuming he was so

seen. On this record we find no error, much less reversible error. See *State v. Moreno,* 128 Ariz. 33, 623 P.2d 822 (App. 1980); *State v. Galioto,* 126 Ariz. 188, 613 P.2d 852 (App.1980).

■ The central issue raised by the state's appeal concerns the authority of the trial court to consider certain matters as mitigating factors for purposes of sentencing. In the Moreno appeal, the state argues that the trial court erred in offsetting the aggravating factor of Moreno's lengthy criminal history against the fact that Moreno had two young children and against the nonviolent nature of the crimes to impose a presumptive sentence. The state contends that neither of these facts may properly be considered as mitigating circumstances and that, having found one legitimate factor in aggravation, the court erred in imposing the presumptive sentence. Following the pronouncement of guilt at sentencing, the court stated as follows:

"I was—it is the further judgment and sentence of the court that the presumptive sentence of eleven-point-two-five years is imposed. That requires basically a seven-year behind-bars situation.

"I was torn between that an [sic] giving you an aggravated sentence. I decided against that considering the fact that you do have a small—two small daughters, not that you contributed much to their lifestyle or—but hopefully after seven years in prison you would see that they are [p]robably your two most valuable possessions.

"So—but like Mr. Owen said, it was—to me it was a very difficult decision as to whether to impose an aggravated sentence based upon your—an aggravated sentence based upon your activities. The only reason I didn't was also bec[au]se of the fact that I've not found any violent acts involved, but hoping that seven years will be sufficient to establish that this kind of behavior just is not going to be accepted."

We note initially that, in imposing the presumptive sentence, the trial court was not

required to set forth its reasons for refusing to find aggravating or mitigating circumstances. *State v. Winans,* 124 Ariz. 502, 605 P.2d 904 (App.1979). The state argues that, having chosen to state his reasons for imposing the presumptive term, those reasons are subject to scrutiny by this court. Further, the state argues, since it was apparent that the presumptive sentence resulted from balancing aggravating and mitigating circumstances and since the trial court could not properly consider the nonviolent nature of the crime and the fact that Moreno had two children as mitigating factors, only the aggravating factor remained and the trial court was obliged to impose an aggravated sentence. We disagree.

First, we do not agree that the presumptive term was imposed solely as a result of balancing aggravating and mitigating factors. Although the trial court's reasoning is somewhat imprecisely stated, we believe that the primary factor behind its decision to impose the presumptive term was its conclusion—or its hope—that seven years' imprisonment would be sufficient to change both Moreno's attitude and his behavior. Further, even assuming that the sentence was the result of a balancing process and that the factors considered in mitigation were impermissible, we nevertheless find no error. Under A.R.S. § 13–604(D), the trial court was required to impose a sentence somewhere between ten and 20 years' imprisonment. The statute also provides that the trial court *"shall* impose as a presumptive term three-fourths of the median of the allowable range," but that the presumptive term *"may* be mitigated or aggravated within the range prescribed under this subsection pursuant to the terms of § 13–702, subsections C, D and E." (Emphasis added.) The latter statute provides:

"C. The upper or lower term imposed pursuant to § 13–604 or 13–710 or subsection A or B of this section *may* be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing." (Emphasis added.)

Subsections D and E then set forth the aggravating and mitigating circumstances which the judge "shall" consider, including "[a]ny other factors which the court may deem appropriate to the ends of justice." A.R.S. § 13–702(D)(13) and (E)(5). Thus, although the statute sets mandatory limits on the sentencing range and, to some extent, circumscribes the factors which the judge may consider in determining the sentence to impose within that range, it leaves the decision whether to deviate from the presumptive term entirely within the judge's discretion and does not require that any other sentence be imposed even if an aggravating or mitigating factor is found to be true. The statute does not say that, if an aggravating circumstance is found, an aggravated sentence *must* be imposed. Rather, it permits the imposition of such a sentence if, and only if, such a circumstance is found to be true. Thus, even assuming the trial court in this case erroneously considered the factors set forth above to be mitigating, it did not err in imposing the presumptive sentence.

Different considerations are presented by the Risco appeal. In Risco's case, the trial court imposed a mitigated sentence based on the fact that the crimes involved were nonviolent and the fact that, since the priors alleged were *Hannah* priors, see *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980), Risco had not been able to receive any probationary or parole services from the Department of Corrections between felonies. The state argues that neither circumstance may legally be considered as a mitigating factor under § 13–702(D) and that the trial court therefore erred in imposing mitigated sentences. We disagree.

■ Unlike the case of a presumptive sentence, the trial court's discretion in imposing an aggravated or mitigated sentence is limited, and the validity of the sentence depends upon, inter alia, compliance with the requirements of § 13–702. With regard to the consideration of aggravating and mitigating circumstances in the case of first offenses, one commentator has noted:

"The new Code steers a delicate course between the hazardous shoals of complete indeterminacy and mandated sentences. The Code establishes a normative or presumed sentence applicable to the bulk of first offenders. A narrow range of deviation above and below this norm permits some limited sentencing discretion for unusually aggravated or mitigated cases. Judges are to impose the presumptive sentence on the mass of typical first offenders; they may deviate from this norm only after making a written finding of one of the enumerated aggravated or mitigating factors." R. Gerber, Criminal Law of Arizona 95 (1978).

The same principle is true in the case of sentences enhanced under § 13–604—the presumptive term within the enhanced sentencing range is to be imposed in the absence of a finding of one of the aggravating or mitigating circumstances set forth in § 13–702(D) and (E). Although as noted above, the trial court has discretion to consider "[a]ny ... factors which the court may deem appropriate to the ends of justice," A.R.S. § 13–702(D)(13) and (E)(5), its discretion is not unlimited nor is the exercise of that discretion exempt from review by this court. Indeed, A.R.S. § 13–4032(6) expressly authorizes an appeal by the state from a sentence other than the presumptive term.

■ We have previously rejected a defendant's claim that the nonviolent nature of an offense should be considered as a mitigating circumstance. State v. de la Garza, 138 Ariz. 408, 675 P.2d 295 (App. 1983). As we noted in de la Garza, although the legislature has in essence made violence an aggravating factor, it did not include nonviolence as a mitigating factor, with the consequence that nonviolence must be deemed to be an inherent component of the presumptive sentencing scheme. Thus, not only does a defendant have no right to have nonviolence considered in mitigation, but the trial court may not lawfully rely on the nonviolent nature of the crime to impose a mitigated sentence.

■ With regard to the absence of services provided to Risco, the state argues that, since the supreme court has held that a convict has no right to rehabilitation, see State v. Christopher, 133 Ariz. 508, 652 P.2d 1031 (1982), the inability of the state to provide such services between Hannah priors cannot be considered as a mitigating factor. We believe the state has misunderstood the trial court's reasoning with regard to this issue. In A.R.S. § 13–604(H), the legislature has expressly authorized the use of Hannah priors to enhance a sentence and has vested the determination as to whether such enhancement should be sought, not in the trial court, but in the prosecutor. Thus, regardless of the circumstances of the offenses or the defendant, if the prosecutor elects to allege the charges as priors and the defendant is convicted on all counts, the trial court has no choice but to enhance the range of sentence under § 13–604.

Viewed in context, it is apparent that the trial court's comments at sentencing and the thrust of its findings were not directed at the failure of the state to provide rehabilitation services but rather at the difference in circumstances between a defendant with two Hannah priors and a defendant with two distinct prior convictions, which were tried separately and for which the defendant served separate sentences. In the latter case, the defendant with two prior convictions would have twice been subject to the jurisdiction of the Department of Corrections or the probation de-

partment and therefore would have received whatever benefits may be had by that experience—whether in the form of rehabilitation or deterrence. Under these circumstances, his persistence in criminal activity may conceivably be viewed as more blameworthy than in the case of, for example, a first offender who commits three felonies in three days and has therefore never benefited from the ministrations of the Department of Corrections or the probation department. If invoked by the prosecution, § 13–604(H) precludes the court from treating such an individual as a first offender for sentencing purposes on all three convictions. The question is whether this circumstance may nevertheless be considered in mitigation under § 13–702(E)(5).

Black defines "mitigating circumstances" as "[s]uch as do not constitute a justification or excuse of the offense in question, but which, in fairness and mercy, may be considered as extenuating or reducing the degree of moral culpability." Black's Law Dictionary 903 (rev. 5th ed. 1979). The specific factors listed in § 13–702(E) are consistent with this definition, and we believe that "factors ... appropriate to the ends of justice" should be similarly construed. When a defendant's potential sentencing range has already been mandatorily and substantially enhanced by virtue of *Hannah* priors pursuant to § 13–604(D) and (H), we do not believe the trial court abuses its discretion in mitigating that sentence within the enhanced range on the basis of the distinction between that defendant's situation and that of other defendants with prior, separate convictions and sentences. In this case, since the trial court found one valid mitigating circumstance, it did not err in imposing mitigated sentences.

The judgments of conviction and sentences are affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.