712 P.2d 929

**STATE of Arizona, Appellee,**

v.

**Robert Lee THURLOW, Appellant.**

**No. 6603–PR.**

Supreme Court of Arizona,
En Banc.

Jan. 8, 1986.

Robert K. Corbin, Atty. Gen. by Bruce Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frank Leto, Deputy Pima County Public Defender, Tucson, for appellant.

HAYS, Justice.

Defendant, Robert Lee Thurlow, pled guilty to one count of aggravated assault with a deadly weapon, A.R.S. § 13–1204(A)(2) and one count of facilitation of transfer of a narcotic drug, A.R.S. § 13–3406(A)(3). The trial court imposed presumptive sentences of 5 years for the aggravated assault and a concurrent 1.5 years on the facilitation count. The Court of Appeals affirmed (2 CA–CR 3697 and 2 CA–CR 3698, filed 4/26/85).

Defendant has petitioned this court for review, claiming that the appeals court improperly restricted the meaning of A.R.S. § 13–702(E)(5) concerning what may constitute a mitigating circumstance. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 13–4035. Since there

18

appears to be a conflict between Division One and Division Two on this issue, we granted review to clarify the interpretation of the statute, and to provide trial courts with some guidance in the future. For the reasons set forth below, the decision of the Court of Appeals is vacated and the matter is remanded to the trial court for resentencing.

The facts follow. On February 25, 1984, defendant caused a disturbance as he entered into a late-night party in a desert area of Tucson. Defendant was apparently intoxicated and carried a .38-caliber revolver. After some arguments and shoving, several people from the party "jumped" the defendant. During this struggle, the gun discharged, striking one of the witnesses in both thighs. Although defendant managed to get into his vehicle and drive off, he was arrested a short time later. At the time of his arrest, defendant had no prior felony convictions. His record reflected a DWI, one speeding ticket, and a misdemeanor charge of possessing a weapon in a park.

Defendant was subsequently charged with one count of endangerment, one count of aggravated assault with a deadly weapon (each count with an allegation of dangerousness) and one count of possession of a narcotic drug. Pursuant to a plea agreement, defendant pled guilty to one count each of aggravated assault with a deadly weapon and of facilitation of transfer of a narcotic drug. In exchange, the state agreed to dismiss the endangerment count, the possession of narcotics count, and the allegations of dangerous nature. Under the terms of this agreement, defendant could have received probation plus 12 months in either the county jail, or Amity House, an in-patient rehabilitation program. However, at sentencing, the court stated: "In looking at the presentence investigation report, it is clear to me that [defendant] is not a candidate for probation, that he needs to learn what it is like to go to prison and to suffer the consequences of his actions." The trial court then sen-

tenced defendant to two concurrent, presumptive terms in prison: 5 years for the assault conviction and 1.5 years on the facilitation conviction.

On review, the appeals court affirmed defendant's sentences. The court stated that "the lack of a prior record, as in the case of a nonviolent act, is not a mitigating factor because those circumstances are built into the formulation of presumptive terms." Defendant claims that this interpretation of mitigating circumstances under § 13–702(E) is too restrictive and in violation of prior Arizona law. We agree.

■ This court has consistently recognized that a trial judge has broad discretion in sentencing convicted defendants. *State v. Stotts*, 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985). In determining punishment, the court should consider not only the circumstances of the offense but also the character and past conduct of a defendant. In this manner, punishment may be set in accordance with defendant's general character and the nature of the crime committed. *State v. Miller*, 120 Ariz. 224, 228, 585 P.2d 244, 248 (1978).

In *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978), this court reviewed some of the specific circumstances to be considered by a trial court in the exercise of its sentencing discretion. Among the factors we set forth were "the defendant's age, physical health, cooperative attitude, moral character and *prior criminal record or lack thereof* ..." (emphasis added). *State v. Patton*, 120 Ariz. at 389, 586 P.2d at 635 (1978). Additionally, we stated that the nonviolent nature of the crime, the depravity of the offense, the defendant's degree of participation, and his general character were all appropriate considerations in determining punishment. *Id. See also State v. Scrivner*, 125 Ariz. 508, 510–11, 611 P.2d 95, 97–98 (App.1979).

Subsequent to the decision in *Patton*, our legislature enacted a revised criminal code.[1] One effect of the new code was the

1. Title 13, the revised Criminal Code, was adopted by Laws 1977, Ch. 142, §§ 1 to 178, effective October 1, 1978, Laws 1978, Ch. 200,

replacement of our prior indeterminate sentencing policy with a policy of "presumptive" sentencing. Specifically, the code classifies crimes by placing them into groups of similar gravity and then establishing a presumptive sentence for each group of crimes. The sentencing judge may then raise or lower this presumptive sentence based on a finding of specified aggravating or mitigating circumstances. *See* GERBER, *CRIMINAL LAW OF ARIZONA,* 91 (1978).

■ A.R.S. § 13–702(E) sets forth the mitigating circumstances a court shall consider in determining sentence. These circumstances include defendant's age, duress, mental illness short of a defense, extent of participation in the crime, and any other factor the court deems appropriate. Thus, by phrasing the last section, 13–702(E)(5), as it did, the legislature left flexible the circumstances that may be considered in mitigating a sentence.

The issue of just what may constitute a circumstance within § 13–702(E)(5) was presented to the Court of Appeals in *State v. De la Garza,* 138 Ariz. 408, 675 P.2d 295 (App.1983). In *De la Garza,* the appellant claimed that the nonviolent nature of his offense should have persuaded the court to impose a mitigated sentence. The appeals court held otherwise:

> However, A.R.S. § 13–702(E), the applicable statute for determining mitigating factors in sentencing, does not specifically enumerate non-violence as a mitigating factor. To the contrary, violence is deemed to set the commission of an offense apart and therefore constitutes an aggravating circumstance. It is therefore apparent that a non-violent situation is the one envisioned by the legislature for the imposition of the presumptive term, not a mitigated term.

*State v. De la Garza,* 138 Ariz. at 409, 675 P.2d at 296. In other words, the court stated that the absence of a factor may not be considered a mitigating circumstance where, if this factor were present, it would be considered an aggravating circum-

stance. The court reasoned that such circumstances were already built into the formulation of presumptive terms. It was in reliance on this decision that the appeals court, in the present case, similarly held that the lack of a prior record could not be considered in mitigation. We do not believe that this is a correct interpretation of the statute.

■ As part of our revised criminal code, the legislature has determined the range of punishment appropriate for a given crime. However, the ultimate responsibility for fitting the punishment to the circumstances of the particular crime and individual defendant still rests with the judiciary. *State v. Bly,* 127 Ariz. 370, 371, 621 P.2d 279, 280 (1980). In the instant case, a trial judge has broad discretion as to what he may consider in mitigation. In enacting § 13–702(E), the legislature left open the list of what may be considered as a mitigating circumstance. Thus, nothing in the statutory scheme precludes the court from considering "any other factors which [it] may deem appropriate to the ends of justice." § 13–702(E)(5). Moreover, the sentencing considerations we set forth in *Patton* have survived the code's revision and are as valid today as they were at that time. *State v. Mincey,* 141 Ariz. 425, 445, 687 P.2d 1180, 1200, *cert. denied,* —— U.S. ——, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984) (a defendant's general character, age, health, attitude, moral character, and prior criminal record or lack thereof are valid considerations); *see also State v. Stotts, supra* (sentencing court should consider the general character of both the offense charged and of the party convicted).

■ The state argues that the lack of a prior record may not be considered in mitigation as it is built into the formulation of a presumptive sentence. Specifically, it claims that if the lack of a prior record may be considered by the trial court, all first offenders would begin with one mitigating circumstance. We agree with the state that the presumptive sentence is to be im-

§ 3, effective October 1, 1978, and Laws 1978,    Ch. 215, § 3, effective October 1, 1978.

posed on the vast majority of first offenders who commit a particular crime. However, the decision to deviate from the presumptive sentence by finding a mitigating circumstance is solely within the discretion of the court. *State v. Bly*, 127 Ariz. at 372, 621 P.2d at 281. Furthermore, if a sentencing judge, in his discretion, believes that the lack of a prior record should constitute a mitigating circumstance in a particular case, he may properly state this on the record under the "catch all" provision of § 13–702(E)(5). We are not stating that a sentencing judge must consider the lack of a prior record. Rather, it is only one of the many traditional circumstances a court *may* consider in determining punishment. In this manner, a trial court can more easily tailor a defendant's sentence to his individual character and circumstances. *See Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

■ The sentence imposed in this case was well within the trial judge's discretion based on the crimes and the nature and history of this defendant. However, the record is unclear whether or not the trial court considered defendant's lack of a prior record in mitigation, and if not, whether it was because the trial court did not believe it had the authority to consider it. For these reasons, we must vacate defendant's sentence and remand for resentencing.

We have reviewed the record for fundamental error and have found none. A.R.S. § 13–4035; *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The decision of the Court of Appeals is vacated, and the matter is remanded to the trial court for resentencing.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON, and FELDMAN, JJ., concur.