864 P.2d 1064

**STATE of Arizona, Appellee,**

v.

**Richard G. ELLIGET, Appellant.**

**Nos. 1 CA–CR 92–0212, 1 CA–CR 92–0213.**

Court of Appeals of Arizona,
Division 1, Department A.

May 25, 1993.

Review Denied Jan. 11, 1994.

Grant Woods, Atty. Gen. by Paul McMurdie, Asst. Atty. Gen., Chief Counsel, Crim. Appeals Section, and Jon G. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

LANKFORD, Presiding Judge.

In this direct appeal we decide whether a trial court may aggravate a sentence based on its finding that a special harm to society resulted from the crime because it was committed by a police officer. We affirm the sentence.

Richard G. Elliget, a City of Mesa police officer, pled guilty to two offenses: sexual exploitation of a minor, a class 2 felony, and facilitation to commit sexual conduct with a minor, a class 3 felony and dangerous crime against children. The plea agreement stipulated that the court would place Elliget on lifetime probation for the sexual exploitation charge and, for the facilitation charge, would order Elliget incarcerated for a term left to the court's discretion. The trial judge sentenced Elliget to the maximum 14 year term.[1]

Elliget phrases the issue differently. Although he makes a single claim, he objects to the sentencing procedure on two separate grounds. First, he asserts that the trial court improperly aggravated his sentence by inferring from his good record as a police officer that he knew his action was wrong. Second, he claims that the facts do not support the trial court's reliance on a particular statutory aggravating factor. We address the arguments in that order. The answers to those claims require us to determine the real issue in this case: whether the special consequences resulting from a crime being committed by a police officer may be considered in aggravation. We hold that those special consequences can be used in aggravation.

## I.

■ Elliget claims that the trial court aggravated his sentence by inferring from his relatively good record as a police officer and his good citizenship prior to the crimes that he knew the wrongfulness of his conduct. He argues that the court's reliance on these considerations violated *State v. Just*, 138 Ariz. 534, 551, 675 P.2d 1353, 1370 (App. 1983).

This case differs from *Just*. In *Just*, the trial court inferred from a civilian defendant's exemplary life prior to his crime that the defendant knew the difference between right and wrong. Based on that inference, the trial court aggravated the sentence. We held it improper to use a defendant's prior exemplary life to infer that the defendant knew the wrongfulness of his criminal conduct and to aggravate the sentence based on that inference. 138 Ariz. at 551, 675 P.2d at 1370. That analysis, we said, would lead to the implausible conclusion that those with a criminal history should not receive an aggravated sentence because they might not appreciate the wrongfulness of their conduct. That result also would punish an otherwise exemplary life.

The trial court's remark that Elliget claims to violate *Just* must be viewed in context. The court articulated the factors it used to aggravate Elliget's sentence only after a lengthy discussion of "a number of matters [it] review[ed] in arriving at a sentencing decision in this case." The judge began by noting that he had originally considered rejecting the plea agreement because Elliget deserved a more severe sentence than that permitted for the reduced crimes to which he pled guilty, but, after considering the interests of the victims and a psychologist's report, he had changed his mind. In his preliminary remarks, the judge also stated that "to determine what sentence would be fair to the victims, to the community, and to [the defendant]" he would place great weight on

1. Sexual exploitation of a minor carries a presumptive sentence of 7 years, a minimum sentence of 5.25 years, and a maximum sentence of 14 years. A.R.S. §§ 13–3553, 13–701(C)(2), 13–702(B).

the fairness of the plea agreement in light of the "inevitable consequence of spending the—most of the rest of your adult life behind bars." The judge voiced disagreement with certain portions of the defendant's sentencing memorandum. The court also reproached defendant as follows:

> It is a class 2 felony, one of the most serious felony classifications that we have under the law, which I know that you understand as a police officer.
>
> \* \* \* \* \* \*
>
> You not only betrayed your oath as a police officer, but your responsibilities as a parent.
>
> \* \* \* \* \* . \*
>
> These are acts—these acts are even more serious because as a police officer you well knew the consequences of the type of conduct that you were engaging in.
>
> As a police officer you've been given the power and the responsibility to enforce the laws of the community. You carried with you at all times the potential of making life and death decisions, decisions affecting the liberty, decisions affecting accusations and arrests of individuals in the community.
>
> I think the community does expect that those who take an oath such as you have to honor and respect it and that when you do not, public confidence in law enforcement can be shaken. And in the absence of appropriate punishment for those who have committed the offense that you have, I think public confidence can continue to erode in our law enforcement agencies.
>
> Your conduct violated laws which this state has reserved some of its severest punishments for, again as you know as a law enforcement officer.
>
> \* \* \* \* \* \*
>
> Rather than seek help, knowing the damage that you were causing to these children, and the enormous penalties that you faced if you were caught, you proceeded in your reckless exploitation of these children[s'] lives.

Elliget claims the judge's next remark evidences the error of aggravating the sentence based on defendant's prior good conduct:

> I have considered all of the factors in this case that—as I have relayed to your attorney. I think that it must be recognized by the Court that your service as a law enforcement officer was apparently exemplary. There seems to be little dispute that you had a successful career as a police officer. You also served in the military. You served in the Army Airborne. You had a distinguished career. You have maintained steady employment. For all appearances in the community you were an upstanding and outstanding citizen.
>
> But as this event no doubt made clear to you, all of the good of a lifetime could be swept away in a moment of reckless decision making. And I think that you are competent to make the decisions that you made. And they carried with them, as you know as a police officer, enormously punitive consequences.

The above quoted language does not demonstrate a violation of *Just* for three independent reasons. First, the context reveals that the court recognized Elliget's "apparently exemplary" conduct prior to these crimes as one of the few factors in Elliget's favor. The judge merely pointed out that the conduct he engaged in can eviscerate the good work of a lifetime. Nothing indicates the judge viewed Elliget's otherwise good life as an aggravating factor.

Second, although the trial judge found that Elliget knew the serious consequences of his conduct, he did not infer that knowledge from Elliget's prior good record as a police officer or citizen. He inferred that knowledge, quite logically, from Elliget's knowledge and experience as a police officer, without regard to whether that record was good or bad. Therefore, the concern we expressed in *Just*—that otherwise exemplary conduct would be used to infer that a defendant understood the wrongfulness of his conduct—is not implicated here.

Third, unlike the trial court in *Just,* the court here did not use Elliget's awareness of the wrongfulness of his conduct in aggravation. Following his preliminary remarks, the judge clearly articulated the factors actually used in aggravation. He made the following specific reference to the sentencing statute, A.R.S. section 13–702(D), relying on three of its provisions:

> And looking at the aggravating circumstances versus the mitigating circumstances in this case, I find that there are aggravating circumstances, other than simply being vindictive towards you.
>
> I find that under 13–702 that Factor Number 8 [section 13–702(D)(8) ] certainly applies, if not by the strict letter of the law, then certainly by the interpretation of the spirit of that factor. And that is that you were a public servant, you violated the oath to serve the law in this state when you were sworn in as a law enforcement officer.
>
> Factor Number 9 [section 13–702(D)(9) ]: The emotional harm caused to the victim in this case. She is under the supervision of a physician. She is in counseling.
>
> Factor 13 [section 13–702(D)(13) ]: Which Mr. Jones referred to as a catch-all phrase. I find that your case, your situation, which is clearly unique, as a police officer committing offenses, sexual offenses against children, that the sentence in this case will act as a deterrent to others in the community, and particularly law enforcement officers, who must understand that the community will not tolerate this type of sexual exploitation by anyone in the community, and particularly law enforcement officers who are sworn to uphold the law.

Although the judge considered a wealth of information, the actual aggravating factors are those found in the three specific references expressed, not in the judge's preliminary discussions; Elliget's knowledge of the wrongfulness of his conduct was not mentioned. In contrast to *Just,* the court here did not use awareness of the wrongfulness of his conduct to aggravate the sentence. As a result, whether the judge improperly inferred such awareness from defendant's prior

good life is not an issue here. The sentencing procedure did not violate *State v. Just.*

## II.

However, the trial court did err by aggravating the sentence under A.R.S. section 13–702(D)(8). A court cannot aggravate a sentence under that provision unless "[a]t the time of the commission of the offense, the defendant was a public servant and the offense involved conduct *directly related* to his office or employment." A.R.S. § 13–702(D)(8) (emphasis added). The court may impose the aggravated sentence "only if the circumstances alleged to be in aggravation ... of the crime are found to be true by the trial judge ... and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing." A.R.S. § 13–702(C) (Supp.1992); *e.g., State v. Rodriguez,* 126 Ariz. 104, 107, 612 P.2d 1067, 1070 (App.1980).

The trial court made no factual finding that Elliget's conduct was directly related to his employment as a public servant. It did not find, for example, that Elliget's crimes were facilitated by his authority as a police officer. Without such a finding, reliance on A.R.S. section 13–702(D)(8) to aggravate the sentence was error.

However, this error did not affect the sentence. As quoted above, the judge's finding of an aggravating factor under section 13–702(D)(8) was also found aggravating under section 13–702(D)(13), the so-called "catch-all" clause. A.R.S. section 13–702(D)(13) permits the court to consider as aggravating "[a]ny other factors which the court may deem appropriate to the ends of justice." A.R.S. § 13–702(D)(13) (Supp.1992).

The judge found breaking a public oath to uphold the law aggravating under section 13–702(D)(8), but then acknowledged that section 13–702(D)(8) might not apply "by the strict letter of the law," and immediately made specific reference to section 13–702(D)(13). Referring to the latter section, the judge found that the community will not

tolerate defendant's type of conduct, especially by law enforcement officers "who are sworn to uphold the law."

■ Because the same aggravating circumstance improperly considered under section 13–702(D)(8) was also considered under section 13–702(D)(13), we are certain that the improper reliance on section 13–702(D)(8) did not affect the sentence. The judge would have imposed the same sentence without reference to the improper section. *See generally Just,* 138 Ariz. at 551, 675 P.2d at 1370 (remand required when judge relied on improper aggravating factor); *State v. Thurlow,* 148 Ariz. 16, 20, 712 P.2d 929, 933 (1986) (resentencing required when record unclear whether judge considered a proper mitigating factor). Thus, the propriety of Elliget's aggravated sentence ultimately turns on whether aggravation was proper under section 13–702(D)(13).

## III.

■ We now consider whether, under the "appropriate to the ends of justice" catch-all clause of section 13–702(D)(13), the trial court may properly consider as aggravating the special injurious consequences to the community resulting from this crime being committed by a police officer. We find that it may.

"Any factor appropriate to the ends of justice" is a broad concept in our sentencing scheme. The Legislature has granted wide discretion to trial courts in determining what is an appropriate aggravating circumstance. *State v. Meador,* 132 Ariz. 343, 348, 645 P.2d 1257, 1262 (App.1982). "It is hard to formulate language that would grant a wider range of discretion than [A.R.S. section 13–702(D)(13) ]." *Id.* In *State v. Risco,* 147 Ariz. 607, 712 P.2d 454 (App.1985), we defined the catch-all phrase for mitigation, A.R.S. section 13–702(E)(5). We said that "factors ... appropriate to the ends of justice" for mitigation should be construed similarly to the dictionary definition of mitigation and consistently with the specific mitigating factors listed in A.R.S. section 13–702(D)(1)–(4). 147 Ariz. at 612, 712 P.2d at 459.

We follow that approach for the catch-all clause in aggravation. "Aggravation" is "[a]ny circumstance attending the commission of a crime ... which increases its guilt or enormity or adds to its injurious consequences...." BLACK'S LAW DICTIONARY 60 (rev. 5th ed. 1979). The specific factors listed in section 13–702(D)(1)–(12) are consistent with that definition. And "factors ... appropriate to the ends of justice" in section 13–702(D)(13) should be construed similarly. *See Risco,* 147 Ariz. at 612, 712 P.2d at 459. In *State v. Romero,* we recognized that "[a]ll of the factors mentioned in [section 13–702(D) ] relate to something about the background or character of the defendant or the circumstances surrounding the commission of the crime." 173 Ariz. 242, 244, 841 P.2d 1050, 1052 (App.1992). Therefore, the "appropriate to the ends of justice" clause in section 13–702(D)(13) can include any factor that relates to the character or background of the defendant or the circumstances surrounding the commission of the crime that increase the crime's guilt or enormity or adds to its injurious consequences.

Here, the court found that defendant had taken an oath as a police officer to uphold the law, and violated that oath, and that such misconduct undermined public confidence in law enforcement, justifying an aggravated sentence to deter similar conduct.

Breaching a public oath and undermining public confidence in law enforcement can increase a crime's "guilt or enormity." Further, undermining public confidence in law enforcement can increase a crime's "injurious consequences." *See State v. Weil,* 507 So.2d 16, 17 (La.App.1987) (for crime not directly related to police officer's employment, court found it aggravating that defendant "had abused the public trust afforded officers of the peace"). The trial court acted within its discretion under A.R.S. section 13–702(D)(13) in aggravating the sentence.

In sum, the maximum sentence does not rest on any improper factor. The reliance on section 13–702(D)(8) was error, but the error

was harmless because the same circumstances were properly found aggravating under section 13–702(D)(13). Therefore, the judge acted within his discretion in imposing the maximum term. We affirm the sentence.

KLEINSCHMIDT and O'MELIA, JJ., concur.

NOTE: The Honorable MICHAEL J. O'MELIA, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.