NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GERALD CHARLES SOUCH, *Petitioner/Appellant*,

*v.*

CHARLES L. RYAN, *et al.*, *Respondents/Appellees*.

No. 1 CA-HC 18-0008
FILED 7-23-2019

Appeal from the Superior Court in Maricopa County
No. LC2018-000253-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Gerald Charles Souch, Kingman
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael E. Gottfried
*Counsel for Respondents/Appellees*

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which
Judge Diane M. Johnsen and Judge Samuel A. Thumma joined.

**S W A N N**, Chief Judge:

**¶1**    Gerald Souch appeals from an order denying his habeas corpus petition, claiming his sentences are illegal and asserting the court abused its discretion when it failed to correct the sentences.  For reasons that follow, we affirm.

**¶2**    In 1987, Souch pled guilty to armed burglary, aggravated assault, and three counts of sexual assault (all dangerous offenses) and was sentenced to a total of 58 years in prison.  *See State v. Souch*, 2 CA-CR 13-0349-PR, 2013 WL 6055404, at *1, ¶ 2 (Ariz. App. Nov. 15, 2013) (mem. decision).  We affirmed his sentences and convictions on appeal.  *Id.* at ¶¶ 4–5.  Souch has filed numerous petitions for post-conviction relief, asserting that his sentences were illegally imposed.  *Id*. at ¶ 2.

**¶3**    In the instant habeas corpus petition, Souch contends that the court erred by (1) sentencing him to consecutive, rather than concurrent, sentences, and (2) sentencing him to longer than "three-fourths of the median" range of the presumptive sentences.

**¶4**    Souch raised these issues in previous petitions for post-conviction relief, *see State v. Souch*, 1 CA-CR 15-0008 PRPC, 2017 WL 1278850, at *1, ¶ 2 (Ariz. App. Apr. 6, 2017) (mem. decision), and we treat habeas applications as Rule 32 petitions for post-conviction relief, Ariz. R. Crim. P. ("Rule") 32.3.  A defendant is precluded from relief on any ground finally adjudicated on the merits in an appeal or in any previous collateral proceeding.  Rule 32.2(a)(2).  Therefore, Souch's claims are precluded because he raised them or could have raised them in an earlier Rule 32 proceeding. We will, however, address the merits of Souch's arguments.

**¶5**    Souch contends that his sentences were illegally imposed because the court sentenced him to consecutive, rather than concurrent, sentences.  At the time Souch committed the crimes, the sentencing statute provided that "the sentence or sentences imposed by the court shall run concurrently unless the court expressly directs otherwise."  A.R.S. § 13-708 (1978)[1]; *see* Rule 26.13 (1985) (reflecting a similar default to concurrent sentences).  By the time he was sentenced in 1987, the Arizona legislature had amended the statute by changing the word "concurrently" to "consecutively."  *See* 1986 Ariz. Sess. Laws, ch. 300, § 1 (1st Reg. Sess.); *see also* Ariz. R. Crim. P. 26.13 (1989) (reflecting the same change to consecutive

---

[1]    The legislature renumbered this statute to § 13-711 in 2008.  *See* 2008 Ariz. Sess. Laws, ch. 301, § 27 (2d Reg. Sess.).

sentences as in § 13-708). Souch contends that the court abused its discretion by sentencing him under the new statute rather than the statute existing at the time he committed the crimes.

¶6        The superior court found that this issue had already been litigated and resolved in *Souch v. Schaivo*, 289 F.3d 616 (9th Cir. 2002), and adopted those findings and rulings. We agree. The statute only provided a default designation if the trial judge failed to specify whether sentences should be consecutive or concurrent. The trial judge found that Souch showed no remorse, was a danger to society, and committed the acts in a calculating, dangerous manner. Because the court provided reasons for imposing consecutive sentences and could not "find any reason at all why any of the sentences should be concurrent," we find no error in the sentences imposed.

¶7        Souch also contends that the court improperly increased his sentences by 25 percent when it did not sentence him to a presumptive sentence of "three-fourths of the median of the allowable range." He argues the court erred when it denied his habeas claim, stating "there is no such sentence as a median sentence." The 1987 sentencing statute stated that the court "shall impose as a presumptive term three-fourths of the median of the allowable range," and we find no error with the sentences imposed. *See* 1985 Ariz. Sess. Laws, ch. 364, § 4(G) (1st Reg. Sess.). Souch relies on *State v. Risco*, 147 Ariz. 607 (App. 1985), for his argument that his sentences should have been 25 percent shorter. But *Risco* held that the decision to deviate from a presumptive term is within the judge's discretion and further, the statute did "not require that any other sentence be imposed even if an aggravating or mitigating factor is found to be true." 147 Ariz. at 610. The court therefore had the power to mitigate or aggravate Souch's sentences within the presumptive range, and we find no error.

¶8        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA