NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANTHONY JEROME WRIGHT, *Petitioner*.

No. 1 CA-CR 24-0327 PRPC

FILED 02-13-2025

Appeal from the Superior Court in Maricopa County
No. CR2010-007912-008
The Honorable Scott Sebastian Minder, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Josh Maxwell, Sarah E. Heckathorne
*Counsel for Respondent*

Daniel R. Raynak, P.C., Phoenix
By Daniel R. Raynak
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Andrew M. Jacobs joined.

---

**H O W E,** Judge:

¶1            Anthony Wright petitions this Court for review of the superior court's dismissal of his first petition for post-conviction relief. For the following reasons, we grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

¶2            In 2010, Wright was indicted on three counts of first-degree murder, three counts of attempted armed robbery, conspiracy to commit armed robbery, conspiracy to commit sale or transportation of marijuana, conspiracy to commit possession of marijuana for sale, attempted sale of marijuana, and transportation of marijuana. In 2019, a jury found Wright guilty of conspiracy to commit sale or transportation of marijuana and conspiracy to commit possession of marijuana for sale but was unable to reach a verdict on the other counts. In 2020, Wright pled guilty to second-degree murder and conspiracy to commit possession of marijuana for sale. The murder charge carried a sentencing range of ten to twenty-two years imprisonment with a presumptive sentence of sixteen years. Pursuant to the plea agreement, the parties agreed to a sentence of no more than eighteen years imprisonment for the murder charge and supervised probation for the marijuana charge.

¶3            At sentencing, the court heard from numerous interested parties. Both the State and defense counsel spoke about Wright's lengthy pre-conviction incarceration. Defense counsel argued both in a sentencing memorandum and on the record that Wright's experience in solitary confinement for nine years awaiting his trial and later plea was punishment that should mitigate his sentence. The State argued "[i]ssues happened . . . that caused things [in] the jails' discretion to move people around," and that the victims "had no control" over Wright's confinement so "[h]e should not be given credit for" that incarceration time. The State further argued "[i]f the Court is going to take that argument seriously, then I would ask to allow

us to bring witnesses in from the jail to tell you why this solitary confinement issue happened."

¶4            The court stated it considered the presentence report, the attachments to the presentence report, as well as "all of the comments made by everyone today," and reviewed the change of plea proceeding before sentencing Wright.  As to the murder conviction, the court the noted several mitigating and aggravating factors and imposed the presumptive term of sixteen years. Regarding the marijuana conviction, the court suspended the imposition of sentence and placed Wright on five years' intensive probation to begin upon his release.

¶5            Wright petitioned the superior court for post-conviction relief, claiming the State made false statements and misled the court at sentencing such that the court disregarded his term of solitary confinement. The court found his claim colorable and ordered an evidentiary hearing, after which it denied Wright's petition for post-conviction relief. The court found that "[t]he State implied at sentencing that the solitary confinement could well be due to Mr. Wright's own actions." Still the court determined that insufficient evidence established that the sentencing judge had "disregarded solitary confinement as a mitigating factor" or that the sentence would have been "below the presumptive of 16 years had the State not made comments regarding the reasons for Mr. Wright's solitary confinement." In its findings the court noted "Wright provided the [c]ourt sufficient information regarding the solitary confinement through his memorandum and comments at sentencing" and the court "listened to all the argument and information presented and was fully aware of the solitary confinement and Mr. Wright's claim that it should be used to mitigate the sentence.

¶6            Wright petitions this Court for review. We have jurisdiction under A.R.S. §§ 13-4031, -4239 and Arizona Rule of Criminal Procedure 33.

## DISCUSSION

¶7            Absent an abuse of discretion or error of law, this Court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). The petitioner bears the burden to show that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

¶8            Wright argues that the court abused its discretion by failing to grant him a new sentencing hearing. He contends that because the

sentencing judge listed several aggravators and mitigators but neglected to enumerate his lengthy term of pre-conviction solitary confinement that the court improperly disregarded this factor. But Wright also concedes that when imposing the presumptive sentence, the court is not required to list any mitigators or aggravators. *State v. Risco*, 147 Ariz. 607, 609–10 (App. 1985). That the court did list some factors here is not dispositive when it also stated that it reviewed all the comments made at sentencing, including defense counsel's argument regarding Wright's pre-conviction incarceration. Wright assumes that "[e]ither the Trial Court failed to consider this clearly mitigating factor, or the Court was dissuaded from doing so by the inaccurate statements of the prosecutor." This is unsupported by the record. The court explicitly stated it considered the statements made at sentencing, including defense counsel's plea to consider Wright's pre-conviction incarceration. Wright's argument that "[t]he [a]ppellate [c]ourt has sent cases down/or considered sending down cases to the trial court for resentencing for a number of different reasons" is not sufficient to warrant a resentencing.

**¶9**        Wright correctly notes that the court's first minute entry denying his request for post-conviction discovery contains a factual error. In that minute entry, the court stated Wright did not show a need for material or information to prepare his case because he "received a minimum sentence allowed under the plea" so any misconduct on the State's part "did not impact the Defendant's sentence." Actually, Wright received the presumptive sentence under the plea. But in a subsequent minute entry, the court corrected this issue by granting Wright's request for discovery regarding "information related to the State's knowledge of the circumstances surrounding Defendant's placement in solitary confinement." The judge who made this error was not the judge who denied Wright's petition for post-conviction relief and, in the order denying Wright's petition, the court correctly noted that Wright was sentenced to the presumptive term under the plea. Wright does not appeal from the mistaken minute entry and the error is harmless for these proceedings.

## CONCLUSION

¶**10** Wright has not shown the superior court abused its discretion. We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: TM