NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH JEREMY LAIRD,

          Petitioner-Appellant,

v.

RYAN THORNELL; ATTORNEY
GENERAL FOR THE STATE OF
ARIZONA,

          Respondents-Appellees.

No.   18-16634

D.C. No. 2:17-cv-00482-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted December 11, 2024
Pasadena, California

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Petitioner Kenneth Jeremy Laird appeals the district court's order denying

his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C.

§ 2253(a). We review de novo a district court's order denying a petition for writ of

habeas corpus, *Catlin v. Broomfield*, 124 F.4th 702, 721 (9th Cir. 2024), and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

affirm.

Laird contends that the Arizona Court of Appeals erred in holding that *Miller v. Alabama*, 567 U.S. 460 (2012)—which generally prohibits mandatory, life-without-parole sentences for juvenile offenders—does not apply to consecutive, term-of-years sentences that exceed the juvenile's life expectancy. *See State v. Laird*, No. 1 CA-CR 14-0568 PRPC, 2016 WL 5746220 (Ariz. Ct. App. Oct. 4, 2016). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we "defer to the state court's decision on any claim adjudicated on the merits unless the decision was 'contrary to, or involved an unreasonable application' of 'clearly established Federal law' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" *Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019) (quoting 28 U.S.C. § 2254(d)). If "the state court adjudication on the merits does not withstand deferential scrutiny under § 2254(d)," we then "decide the habeas petition by considering de novo the constitutional issues raised." *Amado v. Gonzalez*, 758 F.3d 1119, 1131 (9th Cir. 2014) (citation and internal quotation marks omitted).

Here, even assuming that the Arizona Court of Appeals' decision was contrary to clearly established law, Laird's Eighth Amendment claim fails. *See Helm v. Thornell*, 112 F.4th 674, 676 (9th Cir. 2024) ("Where, as here, a petitioner must clear two hurdles in order to obtain affirmative habeas relief on the merits, we

2

may uphold a denial of relief on either ground.") *Miller* requires only that a state court, before sentencing a juvenile homicide offender to life without the possibility of parole, utilize a "discretionary sentencing procedure" that permits a sentencing judge "to impose a lesser punishment in light of [the defendant's] youth." *Jones v Mississippi*, 593 U.S. 98, 120 (2021). When the sentencing judge originally sentenced Laird for his crimes, Arizona law permitted the judge to impose each of Laird's sentences concurrently, and to consider Laird's youth before deciding whether to impose concurrent or consecutive sentences. *See State v. Thurlow*, 712 P.2d 929, 932 (Ariz. 1986) (explaining that age is one of the "mitigating circumstances a court shall consider in determining [a] sentence"); *State v. Fillmore*, 927 P.2d 1303, 1313 (Ariz. Ct. App. 1996) (explaining that "a trial court must choose, among concurrent and consecutive sentences, whichever mix best fits a defendant's crimes"). When the judge vacated Laird's death sentence on the murder conviction and resentenced Laird to life with the possibility of parole after twenty-five years, the judge again had discretion to consider Laird's youth and to impose the sentence concurrently to Laird's other sentences. Thus, the judge "had discretion to run all of [Laird's] sentences concurrently, such that [he] might be incarcerated for only 25 years and would have some of [his] lifetime out of prison." *Helm*, 112 F.4th at 686 (internal quotation marks omitted). "*Miller* requires no more." *Id.* at 687.

3

**AFFIRMED.**